[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10030
Non-Argument Calendar
_____

D.C. Docket No. 2:99-cr-14021-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN LAVELL JACKSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 15, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Warren Lavell Jackson, a federal prisoner proceeding *pro se*, appeals the district court's denial of his request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  On appeal, Jackson argues the district court erred by failing to reduce his sentence pursuant to Amendment 750 and the Fair Sentencing Act of 2010 (FSA).[1]  He also argues the district court had authority to vacate his life sentence because the Government's 21 U.S.C. § 851 notice failed to list constitutionally valid convictions.

We review *de novo* the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2).  *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).  Pursuant to § 3582(c)(2), a defendant whose "sentencing range . . . has subsequently been lowered by the Sentencing Commission" may move the district court to reduce his sentence.  18 U.S.C. § 3582(c)(2).  Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  The Sentencing Commission's policy statement explains that "[a] reduction in the defendant's term of imprisonment is not consistent with th[e] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering

---

[1] Amendment 750, effective November 1, 2011, made permanent an amendment lowering the base offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c).

2

the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B) (Nov. 2011); *see also id.* § 1B1.10 cmt. n.1(A) (providing that a reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

Here, the district court determined it lacked authority to revise Jackson's sentence under § 3582 because Jackson was subject to a mandatory minimum term of life imprisonment under 21 U.S.C. §§ 841(b)(1)(A) based on his "prior convictions for a felony drug offense."  Because Jackson's statutory minimum sentence was greater than his otherwise applicable guideline range, the statutory mandatory minimum of life imprisonment became his guideline range.  *See* U.S.S.G. § 5G1.1(b).  Thus, Jackson's guideline range of life was unaffected by Amendment 750, such that the district court did not err in denying his § 3582(c)(2) motion.  *See United States v. Glover*, 11th Cir. 2012, __ F.3d __ (No. 12-10580, July 11, 2012) ("The law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant

3

was sentenced on the basis of a mandatory minimum.") (quotations and alteration omitted).[2]

Moreover, Jackson's arguments regarding the deficiencies in his § 851 information are outside the scope of a § 3582(c)(2) proceeding.  18 U.S.C. § 3582(c)(2) (limiting proceedings under this statute to cases where a retroactive amendment affects the applicable guideline range); *see also United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (noting that a proceeding under § 3582(c)(2) does not constitute a full resentencing, and the district court must maintain all original sentencing determinations with the sole exception of applying the relevant amended guideline range).  Accordingly, we affirm.[3]

---

[2]  Jackson also filed supplemental authority contending that *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012), renders the changes under the FSA applicable to his resentencing under § 3582(c)(2).  *Dorsey* did not decide whether the FSA applies to a defendant, like Jackson, who was sentenced before the FSA went into effect and who files a § 3582(c)(2) motion after the FSA's effective date.  *See United States v. Liberse*, 11th Cir. 2012, __F.3d__ (No. 12-10243, July 30, 2012).  We note that *Glover* is a post-*Dorsey* case. Regardless, because Jackson was responsible for 287.2 grams of cocaine base, 21 U.S.C. §§ 841(b)(1)(A) and 851 would still subject Jackson to a mandatory minimum life term of imprisonment because his offense involved at least 280 grams of cocaine base.  While Jackson contends he was responsible for a lower amount, he submitted no evidence of this amount, and did not object to the portion of the PSI holding him responsible for 287.2 grams of cocaine base.

[3]  Although Jackson contends the district court has authority to reduce his sentence in light of *Freeman v. United States*, 131 S. Ct. 2685 (2011), we recently rejected this argument where a defendant was sentenced as a career offender, such that his guideline range was not lowered by Amendment 750.  *See United States v. Lawson*, 11th Cir. 2012, __F.3d__ (No. 11-15912, July 13, 2012).  Likewise, *Freeman* does not apply here, where Jackson was sentenced based on a statutory minimum.

**AFFIRMED.**