[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11841
Non-Argument Calendar
_____

D.C. Docket No. 2:00-cr-14086-DMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY J. SANDERS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 10, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Anthony Sanders, proceeding *pro se*, appeals the denial of his motion under

18 U.S.C. § 3582(c)(2) to reduce his sentence of imprisonment based upon Amendment 750 to the Sentencing Guidelines and his motion for reconsideration of that denial. But, because he was sentenced as a career offender, the district court correctly determined that it lacked authority to reduce Sanders's sentence. Therefore, we affirm.

Sanders pleaded guilty to one count of possessing five or more grams of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Prior to his sentencing hearing, a presentence investigation report (PSI) was prepared which stated that Sanders was responsible for 43.5 grams of crack. That amount, the PSI calculated, resulted in an offense level of 30 under the drug quantity tables in U.S.S.G. § 2D1.1. The PSI also determined, however, that Sanders qualified as a career offender by the definition in U.S.S.G. § 4B1.1. As a career offender, Sanders's offense level was 34. And because that offense level was higher, the PSI found that it, rather than the offense level based upon the quantity of crack attributable to Sanders, determined his guidelines range. Three points were then deducted from Sanders's offense level because he accepted responsibility for his conduct. Sanders did not object to any part of the PSI and the district court adopted it.

Sanders filed a § 3582(c)(2) motion in 2008 seeking a sentence reduction

2

based on Amendment 706 to the guidelines, which reduced the guidelines range sentences applicable to certain quantities of crack cocaine in U.S.S.G. § 2D1.1. The district court denied the motion and a panel of this court affirmed in an unpublished decision, holding that, because Sanders was sentenced as a career offender, Amendment 706's alterations to the drug quantity tables did not lower his guidelines range and, accordingly, Sanders was ineligible for § 3582(c)(2) relief. *United States v. Sanders*, 346 F. App'x. 434, 436 (11th Cir. 2009) (unpublished).

Sanders filed another § 3582(c)(2) motion in 2012 based upon Amendment 750, which, like Amendment 706, altered the drug quantity tables. The district court again concluded it lacked authority to reduce Sanders's sentence because he was sentenced as a career offender. The district court also refused to reconsider that conclusion. Sanders appeals those decisions.

We review *de novo* a district court's conclusions about the scope of its authority under § 3582(c)(2) to reduce a defendant's sentence based upon a retroactively applicable amendment to the sentencing guidelines. *United States v. Liberse*, No. 12-10243, — F.3d — , 2012 WL 3064287, slip op. 2962, 2965 n.1 (11th Cir. Jul. 30, 2012). A district court has authority to reduce a defendant's sentence on a § 3582(c)(2) motion if and only if the amendment would actually

3

have lowered the defendant's guidelines range if it were in place when he was originally sentenced. *Id.* at 2965.

Although Sanders is correct that Amendment 750 would reduce the guidelines range applicable to the quantity of drugs he was responsible for, he was not sentenced based on that quantity. Instead, he was sentenced based upon his status as a career offender. As Sanders acknowledges, we held in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), that defendants are not eligible for sentence reductions based upon a retroactively applicable amendment to the drug quantity tables when the amendment "would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1." *Id.* at 1330. Sanders contends, however, that the Supreme Court's decision in *Freeman v. United States*, — U.S. — , 131 S. Ct. 2685 (2011), undermines *Moore*. But, as we recently explained, *Freeman* had no such effect. *United States v. Lawson*, No. 11-15912 ,— F.3d — , 2012 WL 2866265, slip op. 2907, 2910 (11th Cir. Jul. 13, 2012).

Sanders's argument is identical to those we rejected in *Lawson* and *Moore* and is, therefore, squarely foreclosed by our precedent. The district court's conclusion that Sanders was ineligible for § 3582(c)(2) relief was correct. And, because the district court lacked authority to grant Sanders a sentence reduction

4

based upon his § 3582(c)(2) motion, Sanders likewise was not entitled to any further reduction for substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B) even assuming that he otherwise met the guideline's criteria.

**AFFIRMED**.