[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14037
Non-Argument Calendar
_____

D.C. Docket No. 3:06-cr-00378-TJC-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 10, 2013)

Before DUBINA, Chief Judge, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Jermaine Brown, a federal prisoner, appeals from the district court's denial of his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and based on Amendment 750 to the Sentencing Guidelines, which reduced offense levels in cases involving crack cocaine. After pleading guilty in 2007 to possession with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), the district court found Brown responsible for 12.5 grams of cocaine and 2.85 grams of crack cocaine. Because of his criminal history, the district court deemed Brown a career offender and gave him a guideline range of 151 to 188 months' imprisonment. At sentencing, the district court emphasized that Brown's criminal history showed him to be a habitual, repeat offender, a "career offender" in lay terms as well as the technical, legal sense. Nevertheless, the district court granted a downward variance and sentenced Brown to 110 months' imprisonment. Brown later filed the present motion to reduce his sentence, which the district court denied because it had sentenced Brown as a career offender.

On appeal, Brown argues that the district court erred in denying his § 3582(c)(2) motion because his sentence was not "based on" the career offender Guidelines given that the district court granted a downward variance. He acknowledges that in *United States v. Moore*, we concluded that career offenders were not eligible for relief under § 3582(c)(2) and Amendment 706 to the

2

Sentencing Guidelines, which similarly reduced the base offense levels for crack cocaine offenses. *United States v. Moore*, 541 F.3d 1323, 1327–28 (11th Cir. 2008). However, he argues that the Supreme Court's decision in *Freeman v. United States*, 564 U.S. __, 131 S. Ct. 2685 (2011) (plurality opinion), undermined *Moore*. In *Freeman*, the Court explained that "§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Freeman*, 564 U.S. at ___, 131 S. Ct. at 2692–93. Finally, although recently added commentary to § 1B1.10 of the Guidelines defines the term "applicable guideline range" in the context of § 3582(c)(2) to be the guideline range calculated by the district court before it applies any variance, Brown contends this commentary improperly contradicts the Supreme Court's decision in *Freeman*.

"We review *de novo* a district court's legal conclusions about the [S]entencing [G]uidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2)." *United States v. Liberse*, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012). Section 3582(c)(2) provides that a district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A reduction,

3

however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1201 (internal quotation marks omitted). The applicable policy statements, found in U.S.S.G. § 1B1.10, provide that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary to the 2011 version of the Guidelines defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category . . . which is determined before consideration of any departure . . . or any variance." *Id.* § 1B1.10, comment. (n.1(A)).

Amendment 750 to the Sentencing Guidelines amended the drug quantity table in § 2D1.1(c) to reduce offense levels in crack cocaine cases. *See* U.S.S.G. App. C, Amend. 750. It was made retroactive by Amendment 759, effective November 1, 2011. *See id.*, Amend. 759.

We have addressed whether Amendment 706, which was effective on November 1, 2007, authorized reductions under § 3582(c)(2) for defendants who had been convicted of crack cocaine offenses, but had been sentenced under the career offender guidelines. *See Moore*, 541 F.3d at 1325. We explained that § 3582(c)(2) only authorizes reductions to sentences that were "based on sentencing ranges that were subsequently lowered." *Id.* at 1327. As Amendment

4

706 did not lower the career offender offense levels, we concluded that it did not lower the sentencing range upon which a career offender's sentence had been based.  *Id.*  We also explained that the commentary to § 1B1.10 "[made] clear" that a § 3582(c)(2) reduction is not authorized where an amendment lowers a defendant's base offense level for the offense of conviction but not the career offender sentencing range under which the court sentenced the defendant.  *Id.* at 1327-28; *see also* U.S.S.G. § 1B1.10, comment. (n.1(A)).

In *Freeman*, the Supreme Court, in a plurality opinion, held that a defendant sentenced under a plea agreement recommending a specific sentence or sentencing range pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) could, in certain circumstances, still qualify for a reduced sentence under 18 U.S.C. § 3582(c)(2) if the sentence or sentencing range in the plea agreement was "based on" the amended guideline range.  *See Freeman*, 564 U.S. at __, 131 S. Ct. at 2690. Moreover, the Court noted that its approach comported with the applicable guidelines policy statement at the time.  *See id.* at __, 131 S. Ct. at 2692-93.

We have made clear that *Freeman* did not overrule or abrogate *Moore*, and that *Freeman* is inapplicable to a defendant sentenced as a career offender.  *United States v. Lawson*, 686 F.3d 1317, 1320-21 (11th Cir.), *cert. denied*, 133 S.Ct. 568 (2012); *see also* U.S.S.G. § 1B1.10, comment. (n.1(A)) (stating that reduction is not authorized if "the amendment . . . does not have the effect of lowering the

5

defendant's applicable guideline range because of the operation of another guideline or statutory provision").  In *Lawson*, we explained that *Freeman* did not address the situation in which defendants were assigned a base offense level under one guideline section, but were ultimately assigned a total offense level and guideline range under § 4B1.1.  *See Lawson*, 686 F.3d at 1321.  Therefore, a defendant who was convicted of a crack cocaine offense but sentenced as a career offender was still not eligible for a § 3582(c)(2) reduction under Amendment 750.  *See id.*

We conclude from the record here that the district court correctly concluded that Brown was ineligible for a sentence reduction under § 3582(c)(2) because it sentenced him as a career offender, and, thus, his sentence was not based on the later-amended crack cocaine guideline.  Brown's arguments to the contrary are unavailing.  First, Brown's argument that he was not sentenced as a career offender because the district court granted a downward variance is unconvincing.  The commentary to § 1B1.10 defines "applicable guideline range" as the calculated range before any variance.  *See* § 1B1.10, comment. (n.1(A)).  Second, we reject Brown's argument that this commentary improperly contradicts *Freeman* because the plurality in *Freeman* acknowledged that its decision comported with applicable guideline policy statements at the time, and, moreover, § 3582(c)(2) explicitly

6

incorporates the guideline policy statements.  Accordingly, we affirm the district court's denial of Brown's motion to reduce his sentence.

**AFFIRMED.**