[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11293
Non-Argument Calendar
_____

D.C. Docket No. 7:05-cr-00003-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD BURNS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 16, 2013)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

James Edward Burns, a federal prisoner, appeals from the district court's
denial of his motion to reduce his sentence, filed under 18 U.S.C. § 3582(c)(2) and
based on the Fair Sentencing Act ("FSA") as well as Amendment 750 to the

Sentencing Guidelines.  Pursuant to a written plea agreement, Burns pleaded guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  He was found responsible for 24.18 grams of crack cocaine.  Due to his criminal history, the presentence investigation report ("PSI") deemed Burns a career offender under U.S.S.G. § 4B1.1(a) and calculated a guideline range of 188 to 235 months' imprisonment.  At sentencing, the district court concluded that the PSI correctly classified Burns as a career offender and sentenced him to 235 months in prison. On appeal, Burns argues that the district court erred in denying his § 3582(c)(2) motion because the district court calculated his base offense level under U.S.S.G. § 2D1.1 before considering his status as a career offender, signifying that his sentence was "based on" the crack cocaine Guidelines.  After thorough review, we affirm.

We review de novo a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2).  United States v. Liberse, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012).

A district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission."  Id.  The applicable policy statement provides that "[a] reduction in the defendant's term of

imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary to the Guidelines defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category." Id. § 1B1.10, comment. (n.1(A)). The commentary further provides that a § 3582(c)(2) sentence reduction is not authorized and not consistent with § 1B1.10(a)(2)(B) where "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision[.]" Id.

Amendment 750 to the Sentencing Guidelines amended the drug quantity table in § 2D1.1(c) to reduce offense levels in crack cocaine cases. See U.S.S.G. App. C, Amend. 750. It was made retroactive by Amendment 759, effective November 1, 2011. See id., Amend. 759.

In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), we addressed whether Amendment 706, effective November 1, 2007, and which similarly reduced the base offense levels for crack cocaine offenses, authorized reductions under § 3582(c)(2) for defendants who had been convicted of crack cocaine offenses, but had been sentenced under the career offender guidelines. Id. at 1325. We explained that § 3582(c)(2) only authorizes reductions to sentences that were "based on" sentencing ranges that have been subsequently lowered. Id. at 1327.

3

Since Amendment 706 did not lower the career offender offense levels, we concluded that it did not lower the sentencing range upon which a career offender's sentence had been based.  Id.  We also explained that the commentary to § 1B1.10 "[made] clear" that a § 3582(c)(2) reduction was not authorized where an amendment lowered a defendant's base offense level for the offense of conviction but not the career offender sentencing range under which the defendant was sentenced.  Id. at 1327-28; see also U.S.S.G. § 1B1.10, comment. (n.1(A)).

In Freeman v. United States, 564 U.S. ___, 131 S.Ct. 2685 (2011), the Supreme Court held, in a plurality opinion, that a defendant sentenced under a plea agreement recommending a specific sentence or sentencing range pursuant to Fed.R.Crim.P. 11(c)(1)(C) could, in certain circumstances, still qualify for a reduced sentence under § 3582(c)(2) if the sentence or sentencing range in the plea agreement was "based on" the amended guideline range.  See Freeman, 131 S.Ct. at 2690.  However, we have made clear that Freeman did not overrule Moore, and that it is inapplicable to a defendant sentenced as a career offender.  See United States v. Lawson, 686 F.3d 1317, 1320-21 (11th Cir.), cert. denied, 133 S.Ct. 568 (2012); see also U.S.S.G. § 1B1.10, comment. (n.1(A)).  In Lawson, we explained that Freeman did not address the situation in which defendants were assigned a base offense level under one guideline section, but were ultimately assigned a total offense level and guideline range under § 4B1.1.  686 F.3d at 1321.  Therefore, a

4

defendant who was convicted of a crack cocaine offense but sentenced as a career offender was still not eligible for a § 3582(c)(2) reduction because his guideline range was not lowered by Amendment 750. See id.

We recently held that the FSA may not be used to reduce a sentence pursuant to a § 3582 motion because it was a congressional statutory change and not a guidelines amendment issued by the Sentencing Commission. See United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012). Further, interpreting the general savings clause, 1 U.S.C. § 109, we also said that the FSA has not been made retroactively applicable to sentences imposed before its 2010 enactment. Id.; see also Dorsey v. United States, 567 U.S. ___, 132 S.Ct. 2321, 2326 (2012) (holding that the FSA's reduced statutory mandatory minimums apply to defendants who committed crack cocaine offenses before August 3, 2010, but were sentenced after the date the FSA went into effect).

In United States v. Hippolyte, we also recently held that the district court properly denied the defendant's § 3582(c)(2) motion where the defendant was subject to a mandatory minimum sentence for a pre-FSA offense involving cocaine base. 712 F.3d 535, 540-42 (11th Cir. 2013), petition for cert. filed, (U.S. June 12, 2013) (No. 12-10828). Noting that the FSA did not apply retroactively, we explained that the defendant's guideline range was the statutory minimum at the time of his sentencing, and thus Amendment 750 did not lower his guideline range.

Id. at 541-42.  Additionally, we rejected the defendant's argument that Berry was distinguishable because that case involved a career offender as opposed to a statutory mandatory minimum sentence.  Id. at 542.  We reasoned that such distinctions "lack[ed] substance" because career offender designations "'act[] like statutory mandatory minimums.'"  Id. (quoting United States v. Mills, 613 F.3d 1070, 1078 (11th Cir. 2010)).

Here, the district court properly denied Burns's motion for a sentence reduction.  Burns's argument that Freeman has undermined Moore is foreclosed by our decision in Lawson, and his attempts to distinguish Lawson are unavailing.  Specifically, Burns does not address our explanation in Lawson that Freeman was not directly on point -- indeed, neither the plurality opinion in Freeman nor Justice Sotomayor's concurrence addressed the circumstances of a defendant, like Burns, who was assigned a base offense level under one guideline section but was ultimately assigned a total offense level and guideline range based on the career offender provision.  See Lawson, 686 F.3d at 1320-21.

Similarly, Burns's argument that the FSA authorizes the district court to reduce his sentence is foreclosed by our decision in Berry, where we explained that the FSA is not an amendment to the Guidelines by the Sentencing Commission, and thus, it cannot serve as a basis for a § 3582(c)(2) sentence reduction in Burns's case.  See 701 F.3d at 377.  Accordingly, we affirm.

6

**AFFIRMED.**