[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10243
Non-Argument Calendar
_____

D.C. Docket No. 0:05-cr-60311-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SMITI LIBERSE,
a.k.a. Smiti Liberisther,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 30, 2012)

Before CARNES, HULL, and MARTIN, Circuit Judges.

CARNES, Circuit Judge:

This is the third decision we have issued in the past month concerning the application of Amendments 750 and 759 to the sentencing guidelines and the scope of a district court's authority to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2). In the first two decisions, we held that those amendments did not authorize a court to reduce a sentence under § 3582(c)(2) if the defendant's guidelines range remained the statutory mandatory minimum after the amendments or if the guidelines range was otherwise not affected by the amendments. See United States v. Glover, — F.3d —, No. 12-10580, 2012 WL 2814303, at *3–4 (11th Cir. July 11, 2012) (statutory mandatory minimum); United States v. Lawson, — F.3d —, No. 11-15912, 2012 WL 2866265, at *2–3 (11th Cir. July 13, 2012) (otherwise unchanged guidelines range). Our decisions in Glover and Lawson establish that "a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case." Glover, 2012 WL 2814303, at *3.

This appeal raises a different issue because the pro se appellant's original guidelines range of 121 to 151 months was above, and thus not affected by, the applicable statutory mandatory minimum of 120 months. As a result, Amendments 750 and 759 would reduce his guidelines range. For those reasons,

2

§ 3582(c)(2) gives the district court authority to reduce the sentence in its discretion.  Because the court believed it lacked that authority, we vacate its order denying the motion for resentencing and remand for the court to determine whether to exercise its discretion to reduce the sentence.

I.

In 2006, Smiti Liberse was convicted of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine.  Liberse's presentence investigation report held him accountable for at least 50, but less than 150, grams of crack cocaine.  The offense carried a statutory mandatory minimum sentence of 10 years (or 120 months) imprisonment under 21 U.S.C. § 841(b)(1)(A) (2006).  Applying the 2005 sentencing guidelines, the PSR set his base offense level at 32.  See United States Sentencing Guidelines § 2D1.1(c)(4) (Nov. 2005).  He received a 3-level reduction for acceptance of responsibility, see id. § 3E1.1, making his total offense level 29.  With a criminal history category of IV, his guidelines range was 121 to 151 months imprisonment.  Although Liberse was subject to a 120-month statutory mandatory minimum, that mandatory minimum did not affect the calculation of his guidelines range because it was less than the 121-month bottom of the range.  See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the

3

statutorily required minimum sentence shall be the guideline sentence."); id. §

5G1.1(c) ("In any other case, the sentence may be imposed at any point within the

applicable guideline range, provided that the sentence . . . is not less than any

statutorily required minimum sentence.").

The district court sentenced Liberse to 121 months imprisonment, the

bottom of his guidelines range. The government later filed a Federal Rule of

Criminal Procedure 35(b) motion to reduce Liberse's sentence based on his

substantial assistance to the government. The district court granted that motion

and reduced his sentence to 97 months, below his guidelines range and below the

statutory mandatory minimum. See 18 U.S.C. § 3553(e) ("Upon motion of the

Government, the court shall have the authority to impose a sentence below a level

established by statute as a minimum sentence so as to reflect a defendant's

substantial assistance in the investigation or prosecution of another person who

has committed an offense."); U.S.S.G. § 5K1.1 ("Upon motion of the government

stating that the defendant has provided substantial assistance in the investigation

or prosecution of another person who has committed an offense, the court may

depart from the guidelines.").

In 2010, Congress passed the Fair Sentencing Act of 2010, Pub. L. 111-220,

124 Stat. 2372, which "increased the drug amounts triggering mandatory

4

minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum," Dorsey v. United States, — U.S. —, 132 S.Ct. 2321, 2329 (2012); see 21 U.S.C. § 841. "[T]he Fair Sentencing Act instructed the Commission to 'make such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law.'" Dorsey, 132 S.Ct. at 2329 (quoting Fair Sentencing Act § 8(2), 124 Stat. at 2374). The Sentencing Commission then promulgated Amendment 750 to the guidelines, which revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c), to comply with the Fair Sentencing Act's instructions. See U.S.S.G. App. C, amend. 750 (Nov. 2011). The Commission made Amendment 750 retroactively applicable by Amendment 759. See U.S.S.G. App. C, amend. 759 (Nov. 2011).

In light of those developments, Liberse filed a pro se motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence, contending that Amendment 750 to the sentencing guidelines had lowered his guidelines range to 70 to 87 months imprisonment. The district court denied the motion. The court reasoned that because Liberse was originally sentenced before the Fair Sentencing Act went into effect, he was subject to the same 120-month statutory mandatory minimum that

5

he had been when he was originally sentenced.  And because "[t]he Sentencing Commission has no authority to alter a statutory mandatory penalty," the district court concluded that it lacked authority to reduce Liberse's sentence.  He contends that the district court does have authority to reduce his sentence, arguing that Amendment 750 lowered his guidelines range to 70 to 87 months in prison.[1]

## II.

"As a general rule, district courts may not modify a term of imprisonment once it has been imposed . . . ."  United States v. Williams, 549 F.3d 1337, 1339 (11th Cir. 2008).  There is an "exception . . . for a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Id. (quotation marks omitted); accord 18 U.S.C. § 3582(c)(2).  When that has happened, "the court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Williams, 549 F.3d at 1339 (quotation marks and alteration

_____

[1] We review de novo a district court's legal conclusions about the sentencing guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2).  United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009).  We review only for clear error the factual findings underlying the district court's legal conclusions.  Id.

omitted); accord 18 U.S.C. § 3582(c)(2).

A court, however, "cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case." Glover, 2012 WL 2814303, at *3. We have explained that "[t]he purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines. . . . But he is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing." Id. For that reason, "a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range," if the defendant's guidelines range was, and remains, the statutory mandatory minimum under U.S.S.G. § 5G1.1(b) (Nov. 2011). Id. (quotation marks omitted); accord United States v. Mills, 613 F.3d 1070, 1077–78 (11th Cir. 2010); U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

When a retroactively applicable guidelines amendment lowers the guidelines range in a case, a district court usually may not reduce a defendant's sentence to a term below the amended guidelines range. See U.S.S.G. §

7

1B1.10(b)(2)(A) (Nov. 2011). But there is an exception. Section 1B1.10(b)(2)(B) of the sentencing guidelines, as revised by Amendment 759, states:

> Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

Id. § 1B1.10(b)(2)(B). Expressly included within this exception are government substantial assistance motions under U.S.S.G. § 5K1.1 or Rule 35(b), like the one the government filed in Liberse's case. U.S.S.G. § 1B1.10 cmt. n.3.

The government contends that Liberse was sentenced based on the 120-month statutory mandatory minimum, even though he received a Rule 35(b) substantial assistance reduction. So, according to the government, the district court lacks authority to reduce Liberse's sentence because Amendment 750 did not lower his applicable guidelines range. See id. § 1B1.10(a)(2)(B); see also United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.").

We reject the government's contention. Liberse was sentenced to 121

8

months based on an original guidelines range of 121 to 151 months. Amendment 750's revisions to the crack cocaine quantity tables lowered Liberse's base offense level from 32 to 26, making his total offense level 23 with his 3-level acceptance-of-responsibility reduction. Based on that new offense level and a criminal history category of IV, his amended guidelines range would be 70 to 87 months, unless the applicable statutory minimum is above the bottom of the amended guidelines range. See U.S.S.G. § 5G1.1(b) (stating that the statutory minimum sentence is the guidelines sentence if the statutory minimum sentence exceeds the otherwise applicable guidelines range); id. § 5G1.1(c). In light of the Fair Sentencing Act, however, it is not clear what Liberse's statutory mandatory minimum is now.

As we have already discussed, the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey, 132 S.Ct. at 2329; see 21 U.S.C. § 841(b)(1). The Supreme Court in Dorsey held that the Fair Sentencing Act's lower mandatory minimums apply to defendants who committed a crack cocaine crime before the Act went into effect but whom the district court did not sentence for the first time until after it went into effect. 132 S.Ct. at 2326. The Court did not decide, however, whether the Fair Sentencing Act applies to a

9

defendant, like Liberse, who was sentenced <u>before</u> the Act went into effect and who files a § 3582(c)(2) motion to reduce his sentence <u>after</u> the Act's effective date. And we do not have to decide that issue either, because it does not matter to the outcome of this appeal.

Here's why. If the Fair Sentencing Act does apply in a § 3582(c)(2) proceeding in these circumstances, Liberse would be subject to a 5-year mandatory minimum because he conspired to possess with intent to distribute at least 50, but less than 150, grams of crack cocaine. <u>See</u> 21 U.S.C. § 841(b)(1)(B)(iii) (requiring a 5-year mandatory minimum for possession with intent to distribute at least 28 grams, but less than 280 grams, of crack cocaine). Liberse's amended guidelines range after Amendment 750 would then be 70 to 87 months. However, if the Act does not apply, Liberse would be subject to the same 10-year (or 120-month) mandatory minimum that he was subject to at his original sentencing. <u>See</u> 21 U.S.C. § 841(b)(1)(A) (2006) (requiring a 10-year mandatory minimum for possession with intent to distribute at least 50 grams of crack cocaine). And that mandatory minimum would be his amended guidelines range because it is greater than the top of his otherwise applicable amended guidelines range of 70 to 87 months. <u>See</u> U.S.S.G. § 5G1.1(b).

So, whether the Fair Sentencing Act applies or not, Amendment 750 lowers

Liberse's guidelines range.  Both a guidelines range of 70 to 87 months (if the Fair

Sentencing Act applies) and a guidelines range of 120 months (if the Fair

Sentencing Act does not apply) are below Liberse's original guidelines range of

121 to 151 months.  Because Amendment 750 does lower Liberse's guidelines

range, the district court erred by concluding that it lacked the authority to reduce

his sentence under § 3582(c)(2).  See United States v. Bravo, 203 F.3d 778, 780

(11th Cir. 2000) ("[A] district court has discretion to reduce the term of

imprisonment of an already incarcerated defendant when that defendant was

sentenced based on a sentencing range that was subsequently lowered by the

Sentencing Commission . . . .").  Also, because Liberse received a Rule 35(b)

substantial assistance reduction of his original sentence, "a reduction comparably

less than the amended guideline range . . . may be appropriate."  U.S.S.G. §

1B1.10(b)(2)(B).  For these reasons, we vacate the district court's denial of

Liberse's § 3582(c)(2) motion and remand for the district court to consider the

extent to which, if any, Liberse's sentence should be reduced.  We leave it to the

district court in the first instance to decide whether, in light of Dorsey, the Fair

Sentencing Act applies to this case.[2]

---

[2] The issue of whether the Fair Sentencing Act applies in a § 3582(c)(2) proceeding to a defendant who was sentenced before the Act went into effect is presented in another case currently pending before this Court.  An order has been issued in that case indicating it will be

11

**VACATED AND REMANDED.**

---

scheduled for oral argument after supplemental briefs are filed on this issue.  See United States v. Hippolyte, No. 11-15933.