[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15546

_____

D.C. Docket No. 8:03-cr-00498-SDM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLARD GREEN PORTER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 4, 2012)

Before TJOFLAT, CARNES and JORDAN, Circuit Judges.

PER CURIAM:

In 2004, the defendant, who was convicted of possession with intent to

distribute 109.8 grams of crack cocaine, was sentenced to 151 months imprisonment. After the effective date of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, the district court granted the defendant an 18 U.S.C. § 3582(c)(2) reduction based on Amendment 750 to the sentencing guidelines, and it issued a written order reducing his sentence to 92 months. Within 14 days after doing so, however, the court issued another written order purporting to correct that 92-month sentence to a sentence of 120 months. The court believed that it had the authority to do that under Federal Rule of Criminal Procedure 35(a), which permits a court to correct a sentence within 14 days for "arithmetical, technical, or other clear error."

The district court was convinced, and the government contends, that it was clear error to impose the 92-month sentence under § 3582(c)(2) because that sentence was below the statutory mandatory minimum of 120 months that applied at the time the defendant was first sentenced in 2004. See 21 U.S.C. § 841(b)(1)(A)(iii) (2006) (requiring a 10-year mandatory minimum for possession with intent to distribute at least 50 grams of crack cocaine). The defendant contends that it was not clear error to impose the 92-month sentence because that sentence was above the reduced mandatory minimum of 60 months that the Fair Sentencing Act put into place in 2010. See id. § 841(b)(1)(B)(iii) (Supp. 2012)

2

(requiring a 5-year mandatory minimum for possession with intent to distribute at least 28 grams, but less than 280 grams, of crack cocaine).  Because the district court's authority is based on Rule 35(a), the issue is not whether the court erred in calculating a reduced sentence under § 3582(c)(2) based on the premise that the Fair Sentencing Act's lower mandatory minimums applied.  Instead, the issue is whether it would be "clear error," as that term is used in Rule 35(a), for the court to rule (explicitly or implicitly, advertently or inadvertently) that the Fair Sentencing Act's lower mandatory minimums apply in a § 3582(c)(2) proceeding involving a defendant who was first sentenced before that Act went into effect.  If such a ruling would be "clear error," the district court had the authority to correct the resulting 92-month sentence and impose the 120-month sentence.  But if it would not be "clear error" to use the Fair Sentencing Act's lower mandatory minimums in this circumstance, the order imposing a sentence of 120 months is due to be vacated, which will leave the 92-month sentence standing, subject to the government's right to appeal that lower sentence after it is reinstated.

Rule 35(a) provides only "a narrow corrective power limited in scope to those obvious errors that result in an illegal sentence or that are sufficiently clear that they would . . . almost certainly result in a remand of the case to the trial court for further action."  United States v. Lett, 483 F.3d 782, 788 (11th Cir. 2007)

3

(quotation marks omitted).  There is no "clear error" for Rule 35(a) purposes where "[r]easonable arguments can be made on both sides" of the issue.  Id. at 789.  As we explained in Lett, "arguable error is one thing, and clear error is another."  Id.  We held that the error, if any, in Lett was not "an obvious error or mistake . . . which would almost certainly result in a remand" and that reasonable people could disagree about the issue.  Id. at 790–91.

In light of our recent published opinion in another case, we would be hard pressed not to conclude that there was an absence of Rule 35(a) "clear error" in the 92-month sentence that the district court initially imposed in the § 3582(c)(2) proceeding in this case.  See United States v. Liberse, — F.3d —, No. 12–10243, 2012 WL 3064287 (11th Cir. July 30, 2012).  In our Liberse opinion, which was issued after the district court in this case made its Rule 35(a) determination, we stated that it is "not clear" whether the Fair Sentencing Act's lower mandatory minimums apply in a § 3582(c) proceeding involving a defendant who was first sentenced before the effective date of the Act.  Id. at *4.  Because it is not clear, we left the merits of that issue to the district court in the first instance, although we noted that it would probably be decided in another appeal that was scheduled for oral argument.  See id. at *4 & n.2 (citing United States v. Hippolyte, No. 11–15933).  The government argues that the issue has already been decided in a

4

number of unpublished opinions, but unpublished opinions have no binding effect, as our statement in <u>Liberse</u> about the resolution of the issue being "not clear" indicates.

We conclude that, regardless of whether there was error in the district court's imposition of a 92-month sentence in this § 3582(c)(2) proceeding, there was no "clear error" within the meaning of Rule 35(a). For that reason, the district court's order correcting that sentence and imposing a 120-month sentence is due to be vacated. When the district court vacates that 120-month sentence and reinstates the 92-month sentence, the government may, if it chooses, appeal the 92-month sentence as error on the same theory that it contended in this appeal that the sentence was clear error. The difference will be that, if the government appeals the sentence, it will not have to shoulder the added burden of showing that any error was clear.

We neither express nor imply any view at all on the issue of whether the Fair Sentencing Act's lower mandatory minimums apply in a § 3582(c) proceeding involving a defendant who was first sentenced before the effective date of the Act, except to reiterate what we said in <u>Liberse</u>, which is that the proper resolution of the issue is "not clear" at this time.

**VACATED AND REMANDED.**