[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11588
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00431-VEH-JEO-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NATHAN CAIN WAITES,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 6, 2012)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Nathan Waites, proceeding *pro se*, appeals the denial of his 18 U.S.C.

§ 3582 motion to modify his term of imprisonment.  Because the district court's

conclusion it lacked authority to grant the motion was correct, we affirm.

Waites pleaded guilty to three offenses related to possession and

distribution of methamphetamine in 2007 and executed a sentence appeal waiver.

The presentence investigation report (PSI) prepared for his sentencing assigned

Waites two criminal history points based upon two prior Alabama state

convictions.  But the PSI noted Waites was subject to a 10-year statutory-

minimum sentence, so his guidelines range was 120 to 121 months' imprisonment.

The district court sentenced Waites to 120 months.

Six months later, in January of 2008, Waites filed a 28 U.S.C. § 2255

motion to correct his sentence, contending the sentencing court had incorrectly

calculated his criminal history points.  The district court denied the motion.  On

January 13, 2012, Waites filed the instant § 3582 motion, asking for a sentence

reduction based on the same issue he raised in his § 2255 motion, as well as the

Supreme Court's decision in *Pepper v. United States*, 562 U.S. — , 131 S. Ct.

1229 (2011), and Amendments 706, 711, and 750 to the sentencing guidelines.

The district court also denied that motion, and this is Waites's appeal.

We review *de novo* the district court's authority to modify a defendant's

sentence under § 3582.  *United States v. Liberse*, 688 F.3d 1198, 1200 n.1 (11th

Cir. 2012).  Under § 3582, a court may modify an inmate's term of imprisonment only in limited circumstances.  None of those circumstances are present here.

Waites is well beyond the jurisdictional time period for correcting the purported guidelines calculation error he identifies.[1]  *See* 18 U.S.C. § 3582(c)(1)(B) (permitting sentence modification based upon Rule 35); Fed. R. Crim. P. 35(a) (2007) (providing a seven-day period within which to seek correction of a sentence resulting from arithmetic, technical, or clerical errors); *United States v. Phillips*, 597 F.3d 1190, 1196-97 (11th Cir. 2010) (recognizing that Rule 35(a)'s time limit is jurisdictional).  A district court may not modify a sentence simply because it may have been procedurally unreasonable at the time it was rendered.  *See id.* at 1195 ("[A]bsent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35.").  And *Pepper* held only that a district court could take into account a defendant's subsequent rehabilitation once it *already had* authority to resentence him.  131 S. Ct. at 1249.  The decision does not provide that post-sentencing rehabilitation itself opens the door to sentence modification.  *See* 18 U.S.C.

---

[1] Although this contention could be the proper subject of a § 2255 motion, Waites has already filed a § 2255 motion on that basis and did not seek permission to file a second one.  *See United States v. Diaz-Clark*, 292 F.3d 1310, 1316 (11th Cir. 2002) (holding that modification of sentence based upon erroneous conclusion would violate § 3582(c)'s prohibition where defendant had previously filed a § 2255 motion and had not obtained permission to file a second).

§ 3582(c) (generally prohibiting a district court from modifying a term of imprisonment once imposed).  Finally, none of the sentencing-guidelines amendments Waites identifies would have lowered his guidelines range because he was convicted of methamphetamine offenses and those amendments relate only to crack-cocaine offenses.  *See* § 3582(c)(2).

Accordingly, the district court lacked authority to modify Waites's term of imprisonment and, therefore, correctly denied his § 3582 motion.

**AFFIRMED**.