[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10927
Non-Argument Calendar

_____

D.C. Docket No. 2:06-cr-00333-JHH-HGD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NORMAN OLIVER GRANT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 1, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Norman Grant, proceeding *pro se*, appeals the district court's denial of his

18 U.S.C. § 3582(c)(2) motion for a sentence reduction.  Because the district court

correctly concluded it lacked authority to reduce Grant's sentence, we affirm.

A jury convicted Grant of possessing marijuana, powder cocaine, and crack cocaine with intent to distribute, along with two other charges, in 2006. At sentencing, the district court found Grant's sentencing guidelines range was 87 to 108 months' imprisonment. Because Grant was responsible for 12.63 grams of crack cocaine, however, he was subject to a statutory mandatory minimum sentence of 120 months, and the district court sentenced him to 120 months' imprisonment. Subsequently, Grant filed a motion to reduce that sentence based upon the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372, and amendments to the sentencing guidelines. The district court denied that motion and this is Grant's appeal.

We review *de novo* the district court's conclusions about its authority to modify a defendant's sentence under § 3582. *United States v. Liberse*, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012). A court may modify an inmate's term of imprisonment under § 3582 only in limited circumstances. None of those circumstances are present here.

Grant contends Amendment 750 to the sentencing guidelines authorized the district court to reduce his sentence. But the district court could not have reduced Grant's sentence based upon Amendment 750 because he received a statutory mandatory minimum sentence, rather than one based upon the guidelines calculation for his offenses. *See United States v. Glover*, 686 F.3d 1203, 1207

2

(11th Cir. 2012).  And Grant's contention that he is eligible for a sentence reduction based upon the FSA's alteration of what drug quantities correspond to which statutory minimum penalties is, likewise, squarely foreclosed by our precedent.  The changes in the FSA to the statutory mandatory minimum sentences provide no foundation for a § 3582(c)(2) motion and do not permit a district court to reduce the sentence of a defendant sentenced before the FSA's effective date. *United States v. Berry*, 701 F.3d 374, 377-78 (11th Cir. 2012).

Accordingly, the district court's denial of Grant's § 3582(c)(2) motion is **AFFIRMED**.