[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12607
Non-Argument Calendar
_____

D.C. Docket No. 3:00-cr-00027-TCB-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO SANTANA,
a.k.a. Eloy Cobrera,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 13, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Julio Santana appeals from the district court's denial of his motion to reduce sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and based on Amendment 750 to the Sentencing Guidelines, which reduced offense levels in cases involving crack cocaine. Santana contends the district court erred in denying his § 3582(c)(2) motion because, based upon the drug quantity calculations in the PSI, Amendment 750 to the Guidelines would yield a lower Guidelines range.

After review,[1] we affirm the district court's denial of the motion. Although a district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the modification must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statements, found in U.S.S.G. § 1B1.10, provide that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Armstrong*, 347 F.3d 905, 907-08 (11th Cir. 2003) (explaining retroactive guidelines amendment did not apply factually in defendant's case because sentence imposed was unaffected by amendment).

---

[1] "We review *de novo* a district court's legal conclusions about the sentencing guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2)." *United States v. Liberse*, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012).

Amendment 750 to the Sentencing Guidelines amended the drug quantity table in § 2D1.1(c) to reduce offense levels in cases involving cocaine base. *See* U.S.S.G. App. C, Amend. 750. Santana's applicable Guidelines range is not affected by Amendment 750. Santana's base offense level remains the same because the district court expressly found him accountable for 150 kilograms of cocaine, rather than cocaine base, at the sentencing hearing, as recorded in its Statement of Reasons. That finding, without more, supported his applicable base offense level of 38 and Guidelines range of 235 to 293 months' imprisonment. *See* U.S.S.G. § 2D1.1(c)(1). Under the circumstances, Amendment 750 is not factually applicable to Santana's case as it pertains to cocaine base, not cocaine. The district court did not err in denying Santana's motion for a sentence reduction. *See* *Armstrong*, 347 F.3d at 907-08.[2]

**AFFIRMED.**

---

[2] Santana's arguments concerning the breakdown of the drug quantities in the PSI do not change this result because the district court stated at sentencing and later in its statement of reasons that, based on witness testimony, it was holding Santana responsible for at least 150 kilograms of cocaine, in addition to more than 8 kilograms of cocaine base. To the extent Santana is arguing the district court erred in its original determination of drug quantity, the district court lacked jurisdiction to consider that claim in the context of his § 3582(c)(2) motion. *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000).