[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11401
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00371-HES-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN LEON GRIER,
a.k.a. Blade

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 19, 2013)

Before DUBINA, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Brian Leon Grier, a federal prisoner, appeals from the district court's denial of his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2), based on the Fair Sentencing Act ("FSA") as well as Amendment 750 to the Sentencing Guidelines.  In 2006, Grier pleaded guilty, without the benefit of a written plea agreement, to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); and distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Three).  Count Three carried a statutory mandatory minimum penalty of five years' imprisonment.  Count Two also carried a five-year minimum prison sentence, to run consecutively to any other sentence imposed.  The district court sentenced Grier to a total of 130 months' imprisonment as follows: as to Counts One and Three, 70 months' imprisonment each, to run concurrently with one another; and as to Count Two, 60 months' imprisonment, to run consecutively to the sentence imposed for Counts One and Three.

In 2008, Grier filed a motion to reduce his sentence under § 3582(c)(2) based on Amendment 706 to the Sentencing Guidelines.  The district court reduced, by 10 months, Grier's sentence as to Counts One and Three, which resulted in 60 months' imprisonment, the statutory minimum for Count Three.

The district court denied Grier's second § 3582(c)(2) motion to reduce his sentence based on Amendment 750 and the FSA, and it is the denial of that motion from which Grier now appeals. On appeal, Grier argues that (1) the FSA, in conjunction with Amendment 750, should be applied retroactively to reduce his sentence, and (2) his original sentence was "based on" a sentencing range that was subsequently lowered by the Sentencing Commission (his previous sentence reduction notwithstanding).

We review *de novo* a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under § 3582(c)(2). *United States v. Liberse*, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012). A district court may modify a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statement, found in U.S.S.G. § 1B1.10, provides that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary to the 2011 version of the Guidelines defines "applicable guideline range" as the "range that corresponds to the offense level and criminal history category." *Id.* § 1B1.10,

3

comment. (n.1(A)).  The commentary further provides that a § 3582(c)(2) sentence reduction is not authorized and not consistent with § 1B1.10(a)(2)(B) where "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)."  *Id.*

Amendment 750 to the Sentencing Guidelines amended the drug quantity table in § 2D1.1(c) to reduce offense levels in crack cocaine cases.  *See* U.S.S.G. App. C, Amend. 750.  It was made retroactive by Amendment 759, effective November 1, 2011.  *See id.*, Amend. 759.

We recently held that the FSA may not be used to reduce a sentence pursuant to a § 3582 motion because it was a congressional statutory change and not a guidelines amendment issued by the Sentencing Commission.  *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).  Further, interpreting the general savings clause, 1 U.S.C. § 109, we also stated that the FSA has not been made retroactively applicable to sentences imposed before its 2010 enactment.  *Id.*; *see also Dorsey v. United States*, 567 U.S. ___, ___, 132 S.Ct. 2321, 2326 (2012) (holding that the FSA's reduced statutory mandatory minimums apply to defendants who committed crack cocaine offenses before August 3, 2010, but were sentenced after the date the FSA went into effect).

In *Hippolyte*, we also recently held that the district court properly denied the defendant's § 3582(c)(2) motion where the defendant was subject to a mandatory minimum sentence for a pre-FSA offense involving cocaine base. *United States v. Hippolyte*, 712 F.3d 535, 540-42 (11th Cir. 2013), *petition for cert. filed*, (U.S. June 12, 2013) (No. 12-10828). Noting that the FSA did not apply retroactively, we explained that the defendant's guideline range was the statutory minimum at the time of his sentencing, and thus Amendment 750 did not lower his guideline range. *Id.* at 541-42.

We conclude from the record that the district court properly denied Grier's motion for a sentence reduction. Grier's argument that the FSA authorizes the district court to reduce his sentence is foreclosed by our decision in *Berry*, where we explained that the FSA is not an amendment to the Guidelines authorized by the Sentencing Commission, and thus, it cannot serve as a basis for a § 3582(c)(2) sentence reduction in Grier's case. *See Berry,* 701 F.3d at 377. Moreover, Amendment 750 would not lower Grier's applicable guideline range because (1) Grier's sentence as to Count Three was already reduced to the pre-FSA statutory minimum; and (2) the FSA does not apply retroactively to defendants such as Grier who were sentenced before the FSA's effective date. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)); *Berry*, 701 F.3d at 377. Accordingly, we affirm the district court's order denying Grier's § 3582(c)(2) motion for a sentence reduction.

**AFFIRMED.**