[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13549
Non-Argument Calendar

_____

D.C. Docket No. 8:02-cr-00243-EAK-MAP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MYRON BOBO COOK,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 24, 2014)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Myron Cook appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 240-month sentence.  Because the district court correctly concluded Cook was ineligible for a reduction, we affirm.

A jury found Cook guilty of three crack cocaine offenses in 2003. At sentencing, the district court calculated his sentencing guidelines range as 235 to 293 months in prison. The court also concluded, however, that Cook's prior convictions, when coupled with the 254.16 grams of cocaine base attributable to him, triggered a statutory mandatory minimum sentence of 240 months' imprisonment, which was the sentence the court ultimately rendered. In 2012, Cook moved the district court to reduce his sentence under § 3582(c)(2), arguing that Amendment 750 to the United States Sentencing Guidelines would reduce the range he was subject to at sentencing. The court denied Cook's motion, and this is his appeal of that ruling.

We review *de novo* a district court's conclusion about the scope of its authority under § 3582(c)(2) to modify a defendant's sentence. *United States v. Liberse*, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012). In *United States v. Hippolyte*, we concluded a crack cocaine offender was not entitled to a sentence reduction when Amendment 750 would have lowered his sentencing guidelines range but he was actually sentenced to the statutory mandatory minimum. 712 F.3d 535, 542 (11th Cir.), *cert. denied* 134 S. Ct. 181 (2013). Cook acknowledges the similarity of that case to his, but argues it is not controlling because Hippolyte's mandatory minimum exceeded his entire guidelines range while Cook's minimum became the bottom of his guidelines range. That difference, Cook points out, means that

2

different sections of the guidelines dictated the range of sentences available to the court when he was sentenced.  Under U.S.S.G. § 5G1.1(b), Hippolyte's range *became* the mandatory minimum because that number exceeded his entire range as calculated under the guidelines.  By contrast, § 5G1.1(c) dictated only that Cook's sentence could not be lower than the mandatory minimum, which became the bottom of his guidelines range.

That distinction, however, does not matter.  Relief under § 3582(c)(2) is available only when the defendant's "sentencing range has subsequently been lowered by the Sentencing Commission." *Id.*  Absent exceptions not applicable here, a district court "may not reduce a defendant's sentence to a term below the amended guidelines range." *Liberse*, 688 F.3d at 1201.  Cook's guidelines range even with Amendment 750 could not go below the sentence he actually received because that sentence was set by statute, not the sentencing commission.  Thus, although Cook is correct that Amendment 750 would affect the top of his range, it could have no effect on his sentence.  *See* U.S.S.G. § 5G1.1(c); *see also United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) (stating that defendant "is not to receive," on a § 3582(c)(2) motion, "a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing").  "Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence."

3

*Hippolyte*, 712 F.3d at 542.  Cook has abandoned his argument that alterations Congress made to the drug quantity triggers for mandatory minimum sentences in the Fair Sentencing Act should retroactively apply to him.  And he offers no other basis upon which we or the district court could circumvent the statutory mandatory minimum sentence that set the bottom of his guidelines range and that he actually received.  Therefore, we conclude the district court correctly decided Cook was ineligible for a § 3582(c)(2) sentence reduction.

**AFFIRMED.**