[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15962
Non-Argument Calendar
_____

D.C. Docket No. 4:92-cr-04013-WS-CAS-3


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

EMERSON DAVIS,
a.k.a. Mercy,
a.k.a. John Calvin,
a.k.a. Dred,
a.k.a. Stanford Robinson,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 24, 2015)

Before HULL, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Emerson Davis appeals pro se the denial of his 18 U.S.C. § 3582(c)(2) motion for sentence reduction. We affirm.

## I.    BACKGROUND

In 1996, a jury found Davis guilty of one count of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846, and numerous money-laundering counts, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i). At sentencing, the district judge determined the presentence investigation report ("PSI") "and any previously stated findings" were accurate. R. at 117. The judge sentenced Davis to life imprisonment on the drug count and to concurrent 20-year imprisonment terms for his money-laundering counts of conviction. In a Statement of Reasons, attached to the sentence judgment, the district judge adopted the factual findings and Sentencing Guidelines application in the PSI. Davis filed a direct appeal; this court affirmed his conviction and sentence. *United States v. Davis*, 157 F.3d 908 (11th Cir. 1998) (table).

Davis then filed a habeas petition under 28 U.S.C. § 2255, which the district judge denied. Although Davis appealed, we did not grant him a certificate of appealability. He filed other post-conviction motions that were not successful in the district court or our court.

2

A.    First Motion for Sentence Reduction

In 2008, Davis moved for reduction of his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines, which lowered the base-offense level, when convicted defendants are found responsible for more than 1.5 but fewer than 4.5 kilograms of cocaine base. *See* U.S.S.G. App. C, amends. 706, 711, 713 (Supp. Mar. 3, 2008). The district judge denied his motion. The judge reasoned Amendment 706 did not lower Davis's offense level, because his PSI showed Davis had participated in a conspiracy that involved considerably more than 4.5 kilograms of crack cocaine. The judge further explained that he had adopted the factual findings in the PSI regarding drug amounts.

In affirming the denial of Davis's § 3582(c)(2) motion, we explained he was deemed to have admitted for sentencing purposes all facts in the PSI to which he did not object. *United States v. Davis*, 587 F.3d 1300, 1303-04 (11th Cir. 2009). Amendment 706 did not lower Davis's base-offense level, because the facts in the PSI established that he was responsible for in excess of 4.5 kilograms of crack cocaine:

> By adopting the factual findings in the PSI that were deemed admitted by Davis when he failed to object to them, the sentencing court found Davis responsible for over eight kilograms of cocaine base. As the district court had already found Davis responsible for well over the 4.5 kilograms of cocaine base currently required to

score Davis's original base offense level of 38, Davis was not eligible for a sentence reduction under Amendment 706.

*Id.* at 1304.

B.    Second Motion for Sentence Reduction

In September 2013, Davis again moved for reduction of his sentence under § 3582(c)(2), which is the subject of this appeal.  He relied on Amendment 750 of the Sentencing Guidelines, which lowered the base-offense level for convicted defendants found responsible for less than 8.4 kilograms of crack cocaine.[1]  The district judge denied Davis's § 3582(c)(2) motion and explained (1) the PSI showed Davis was responsible for well over 8.4 kilograms of crack cocaine, and (2) the judge had adopted the findings of Davis's PSI regarding drug quantity at sentencing.  The judge determined the record did not support Davis's contention that some of the cocaine described in the PSI was powder, rather than crack cocaine.  Davis appealed the denial of his second § 3582(c)(2) motion.

---

[1] Amendment 750 to the Sentencing Guidelines amended the drug quantity table in U.S.S.G. § 2D1.1(c) to reduce offense levels in crack cocaine cases, when less than 8.4 kilograms is involved.  *See* U.S.S.G. App. C, Amend. 750; *United States v. Hamilton*, 715 F.3d 328, 336 (11th Cir. 2014) ("Amendment 750 raised to 8.4 kilograms (from 4.5 kilograms) the minimum amount of crack cocaine necessary to establish a base offense level of 38.").  It was made retroactive by Amendment 759, effective November 1, 2011.  *See* U.S.S.G. App. C, Amend. 759. Davis argued in this § 3582(c)(2) proceeding in district court that the cocaine described in paragraph 72 of his PSI may have been powder, not crack, cocaine, because the PSI referenced "cocaine base" in paragraph 72.

## II.    DISCUSSION

In this appeal, Davis pursues his argument that the district judge incorrectly held him responsible for a quantity of cocaine base in excess of 8.4 kilograms.  He also maintains the substance in paragraph 72[2] of his PSI is stated incorrectly to be cocaine base instead of powder cocaine.  While pro se complaints should be construed liberally, they nonetheless must contain factual allegations that "'raise a right to relief above the speculative level.'"  *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)).

We review "a district court's decision not to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion."  *United States v. Moreno*, 421 F.3d 1217, 1218 (11th Cir. 2005) (per curiam).  Our review of a district judge's factual findings underlying legal conclusions is for clear error.  *Davis*, 587 F.3d at 1303. We review de novo a judge's legal conclusions concerning the Sentencing Guidelines and the scope of his authority under § 3582(c)(2).  *United States v. Liberse*, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012).

---

[2] Paragraph 72 of Davis's PSI states, after his release from state prison in 1990, Davis looked for a place to sell crack cocaine.  After deciding that the Marianna Garden Apartments in Marianna, Florida, was a good location, he made numerous trips from south Florida to Marianna to sell crack cocaine.  Davis and Gregory Matthews, who worked for Davis selling crack cocaine in the Chattahoochee and Quincy areas of Florida, made at least 20 trips and transported between .25 and .5 kilograms of cocaine base on each trip.

A district judge may modify a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statement, found in U.S.S.G. § 1B1.10, provides that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). "[A] defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guideline range in his case." *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2014).

At the original sentencing, the district judge did not make a specific drug-quantity finding beyond concluding the offense involved more than 1.5 kilograms of crack cocaine. In a subsequent § 3582(c)(2) proceeding, however, the judge was entitled to find Davis was responsible for 8.4 kilograms or more of crack cocaine by referencing all of the documentation that was before him during the original sentencing. *See Hamilton*, 715 F.3d at 340-41. Therefore, Davis's argument that the judge engaged in impermissible factual finding regarding the drug quantity is unavailing.

Similarly, Davis argues the district judge should not have relied upon facts in paragraph 66[3] of his PSI to which he objected in calculating the total drug quantity.  Although Davis objected to paragraph 66 in his letter to the probation officer, the judge's finding at sentencing the facts in the PSI were accurate implicitly overruled that objection.   Consequently, the judge's reliance on the drugs described in paragraph 66 was not clear error.  *See Davis*, 587 F.3d at 1303.

"Failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."  *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).  Davis is foreclosed from his argument related to the drug quantity in paragraph 72 of his PSI, because he did not object prior to or at his sentencing; therefore, he is deemed to have admitted the facts in that paragraph for sentencing purposes.  *See Davis*, 587 F.3d at 1303-04 ("Davis was deemed to have admitted, for sentencing purpose, the facts in the PSI he did not object to clearly and specifically at sentencing." (citing *Wade*, 458 F.3d at 1277)).  Moreover, we already have recognized "the sentencing court found Davis responsible for over eight kilograms of cocaine base[,] . . . . well over the 4.5 kilograms of cocaine base currently required to score Davis's original base offense level of 38."  *Id.* at 1304.

---

[3] Paragraph 66 of Davis's PSI states he and Matthews traveled between south Florida and Chattahoochee 10 to 12 times from November 1987 and October 1988 and transported between .25 and .5 kilograms of crack cocaine on each trip.

Davis's argument, that paragraph 72's reference to "cocaine base" may refer to powder cocaine rather than crack cocaine is meritless. Paragraph 72 of his PSI specifically states twice Davis was selling "crack cocaine."[4] Therefore, the district judge's denying Davis's § 3582(c)(2) motion was neither clear error nor abuse of discretion. Davis has failed to show Amendment 750 had the effect of lowering his Guidelines range, *see Hamilton*, 715 F.3d at 337; the district judge properly denied his § 3582(c)(2) motion, based on Amendment 750.[5]

**AFFIRMED.**

---

[4] To the extent Davis relies on *DePierre v. United States*, 131 S. Ct. 2225 (2011), his reliance is misplaced. *DePierre* holds that cocaine base "means not just 'crack cocaine,' but cocaine in its chemically basic form." *Id.* at 2237. But paragraph 72 of Davis's PSI states specifically Davis was selling crack cocaine.

[5] In his order denying Davis's § 5382(c)(2) motion under Amendment 750, the district judge explained his Guidelines sentence would not be lowered:

> Given the factual findings adopted by the court, Davis's base offense level and guideline sentencing range would not be changed by Amendment 750. Indeed, *under the amended guidelines, a drug weight in excess of 8.4 kilograms of crack cocaine produces a base offense level of 38. When his prior enhancements are factored in, Davis's total offense level is level 44. The highest level on the current sentencing table is offense level 43, which has a guideline range of life, the same guideline range under which he was originally sentenced.*
> Because there has been no lowering of Davis's guideline sentencing range, the court lacks authority to reduce Davis's sentence.

Order Denying Defendant's Motion for Reduction in Sentence at 2-3 (emphasis added).

8