[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11071
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20680-MGC-5


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONTH KENEDY OBREGON-SAAVEDRA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 28, 2015)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jonth Obregon Saavedra, a federal prisoner proceeding pro se, appeals from the district court's denial of his motion to reduce sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).  On appeal, Saavedra asserts that Amendment 782 to the Sentencing Guidelines reduced his total offense level by two levels and that the district court abused its discretion in denying him the reduction.  However, because Saavedra was responsible for more than 450 kilograms of cocaine—a fact that he does not dispute—Amendment 782 would not lower his offense level.  Accordingly, the district court did not err in denying Saavedra's motion for a sentence reduction, and we affirm.

"We review de novo a district court's legal conclusions about the [S]entencing [G]uidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2)."  *See United States v. Liberse*, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012).  A district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission; however, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The applicable policy statements provide that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

2

Under the Guidelines in effect at the time of Saavedra's original sentencing, a drug quantity of 150 kilograms or more of cocaine resulted in a base offense level of 38.  U.S.S.G. § 2D1.1(c)(1) (2012).  As a result of Amendment 782, the Guidelines now provide that a drug quantity of 450 kilograms or more of cocaine results in a base offense level of 38.  U.S.S.G. § 2D1.1(c)(1) (2014).  However, at no point has Saavedra disputed that he was responsible for at least 1,100 kilograms of cocaine.  Thus, even after Amendment 782 raised the threshold amount of cocaine required for a base offense level of 38 (from 150 kilograms to 450 kilograms), Saavedra's base offense level would still be 38 because he was responsible for more than 450 kilograms of cocaine.  Because Amendment 782 did not lower Saavedra's offense level, he was not entitled to relief under 18 U.S.C. § 3582.  *See id*. § 1B1.10(a)(2)(B).

Therefore, after consideration of the parties' briefs, the record on appeal, and the relevant law, we affirm the district court.

**AFFIRMED.**