[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13284
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cr-60276-JIC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALONSO ESCOBAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 7, 2016)

Before TJOFLAT, HULL and WILLIAM PRYOR, Circuit Judges.
PER CURIAM:

Jose Escobar appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to

reduce his sentence.

In 2011, Escobar pled guilty to one count of conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  Under U.S.S.G. § 2D1.1(a)(5) of the 2010 Guidelines Manual, Escobar's base offense level was set at 34 because the offense involved at least 3 kilograms but less than 10 kilograms of heroin.  After a two-level enhancement, pursuant to § 2D1.1(b)(1), because a dangerous weapon was possessed, a three-level role enhancement, pursuant to § 3B1.1(b), and a three-level reduction for acceptance of responsibility, pursuant to § 3E1.1, Escobar's total offense level was 36.  Based on a total offense level of 36 and a criminal history category of II, his advisory guideline range was 210 to 262 months.  At sentencing, the district court applied a downward variance at the parties' request and sentenced Escobar to 168 months' imprisonment.

In April 2015, Escobar moved to reduce his sentence based on Amendment 782 to the Sentencing Guidelines, which lowered the base offense levels for most drug offenses.  The district court denied Escobar's motion, stating that Escobar was ineligible for a sentence reduction because the application of Amendment 782 would only reduce his guideline range to 168 to 210 months, and his original 168-month sentence was at the bottom of that amended guideline range.

2

We review *de novo* a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Liberse*, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 reduced by 2 levels the base offense levels that apply to most drug offenses, including offenses involving at least 3 but less than 10 kilograms of heroin. U.S.S.G. App. C, Amend. 782 (2014).

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). At the first step, the court must recalculate the defendant's sentence by substituting the amended guideline range for the originally applied guideline range. *Id.* At this step, all other guideline application decisions made during the original sentencing remain intact. *Id.*; *see also* U.S.S.G. § 1B1.10(b)(1) (stating that the court must substitute only the relevant amendment into the court's original guideline calculations, and must "leave all other guideline application decisions unaffected"). To be eligible for a reduction, the relevant amendment must lower the defendant's "applicable guideline range," which is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a),

3

which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10, comment. (n.1(A)); *see also Bravo*, 203 F.3d at 781 n.5 (stating that a decision to depart downward from the original guideline range is not a guideline application decision that remains intact when the court considers the new guideline range). At the second step, the court must decide whether, in its discretion and in light of the 18 U.S.C. § 3553(a) sentencing factors, to retain the original sentence or to resentence the defendant under the amended guideline range. *Bravo*, 203 F.3d at 781.

Unless a defendant's original term of imprisonment was imposed below the applicable guideline range pursuant to a motion to reflect the defendant's substantial assistance to the government, the district court may not reduce the sentence under § 3582(c)(2) to a term that is below the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A)-(B); *United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013); *see also* U.S.S.G. § 1B1.10, comment. (n.3) (stating that the exception only applies to reductions based on substantial assistance following a government motion under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35(b)).

A district court may apply a variance and impose a sentence outside of the advisory guideline range if it finds that a variance is justified under the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Kapordelis*, 569 F.3d

4

1291, 1316 (11th Cir. 2009).  Guided departures, which are departures specifically provided for in the Sentencing Guidelines, also permit a district court to impose a sentence outside of the advisory guideline range.  *United States v. Gibson*, 434 F.3d 1234, 1252 (11th Cir. 2006).

Here, the district court did not err in denying Escobar's § 3582(c)(2) motion. Escobar was ineligible for a sentence reduction because Amendment 782 would only reduce his guideline range to 168 to 210 months, and he originally received a 168-month sentence and was not sentenced below the applicable guideline range pursuant to a substantial assistance motion.  *See* U.S.S.G. § 1B1.10(b)(2)(A)-(B); *Colon*, 707 F.3d at 1259.  To calculate the amended guideline range, Amendment 782 is substituted for the 2010 version of U.S.S.G. § 2D1.1, reducing the base offense level from 34 to 32.  *See* U.S.S.G. App. C, Amend. 782 (2014); *see also Bravo*, 203 F.3d at 780; U.S.S.G. § 1B1.10(b)(1).  Applying the same enhancements and reductions that were applied at the original sentencing hearing—a two-level enhancement because a dangerous weapon was possessed, a three-level role enhancement, and a three-level reduction for acceptance of responsibility—produces a new total offense level of 34.  *See Bravo*, 203 F.3d at 780; U.S.S.G. § 1B1.10(b)(1).  Thus, based on a new total offense level of 34 and a criminal history category of II, Escobar's amended guideline range is 168 to 210 months.

The district court's decision to impose a variance at the original sentencing hearing does not impact the calculation of the amended guideline range. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)). Although at one point during the hearing the parties described the variance as a reduction in the offense level, the parties stated that the presentence investigation report had correctly calculated the guideline range at 210 to 262 months; the government stated that the variance or reduction was based upon the 18 U.S.C. § 3553(a) factors; and the court found that Escobar's 168-month sentence served the objectives of § 3553(a). *See Kapordelis*, 569 F.3d at 1316. Even if Escobar were correct in his contention that the agreed-upon reduction was a guided departure rather than a variance, the result is unaffected, because a departure is not a guideline application decision that remains unaffected and is part of the applicable guideline range. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)) & (n.3); *Bravo*, 203 F.3d at 781 n.5.

AFFIRMED.[1]

---

[1] Escobar's motion to file his reply brief out of time is GRANTED, though it does not change this appeal's disposition.