[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10155
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00073-WKW-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS RUFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 27, 2018)

Before TJOFLAT, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Marcus Ruffin is a federal prisoner serving a 96-month prison term for

possession with intent to distribute cocaine base, in violation of 18 U.S.C.

§ 841(a)(1).  Ruffin, proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines.  The district court denied Ruffin's § 3582(c)(2) motion because Ruffin "was sentenced under the amended guidelines."  On appeal, Ruffin argues, and the government concedes, that this finding was clearly erroneous and that Ruffin is eligible for a sentence reduction under Amendment 782.  After review, we agree, vacate the district court's order, and remand to the district court for further consideration of Ruffin's § 3582(c)(2) motion.

A district court may reduce a term of imprisonment only if it was based on a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); see also United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012); U.S.S.G. § 1B1.10(a)(2)(B).[1]

At Ruffin's June 2012 sentencing, the district court used the November 2011 Sentencing Guidelines to calculate Ruffin's base offense level of 28, pursuant to U.S.S.G. § 2D1.1(c)(6) (2011), and resulting advisory guidelines range was 92 to 115 months' imprisonment.

Two years later, Amendment 782 became effective on November 1, 2014. Amendment 782, which is retroactive, reduced by two levels the base offense levels for most drug offenses.  See U.S.S.G.  app. C, amend. 782 (2014); U.S.S.G.

---

[1] We review de novo a district court's legal conclusions as to the scope of its authority under § 3582(c)(2).  United States v. Phillips, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).

§ 1B1.10(d).  The parties agree that after Amendment 782, Ruffin's base offense level would be 26, rather than 28.  See U.S.S.D. § 2D1.1(c)(7) (2014).  Holding constant the district court's other guidelines calculations made at the original sentencing, Ruffin's total offense level would be 25, and, with a criminal history category of IV, the resulting advisory guidelines range would be 84 to 105 months' imprisonment.  See U.S.S.G. ch. 5, pt. A, Sentencing Table (2014).  In other words, it is undisputed that Amendment 782 has the effect of lowering Ruffin's applicable advisory guidelines range.  Thus, Ruffin was eligible for § 3582(c)(2) sentence reduction based on Amendment 782.

For this reason, we vacate the district court's order denying Ruffin's § 3582(c)(2) motion and remand for the district court to consider whether, and to what extent, to reduce Ruffin's sentence.  We note that at Ruffin's original sentencing, the district court departed downward under U.S.S.G. § 5K1.1 based on Ruffin's substantial assistance.  Thus, on remand, the district court should consider whether a comparable reduction to the amended advisory guidelines range is also appropriate, but we express no view on the matter.  See United States v. Liberse, 688 F.3d 1198, 1199-1200, 1203 (11th Cir. 2012); U.S.S.G. § 1B1.10(b)(2)(B).

**VACATED and REMANDED.**

3