[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12985
Non-Argument Calendar
_____

D.C. Docket No. 6:07-cr-00048-RBD-DAB-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD V. SMITH,
a.k.a. Ray-Ray,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 14, 2014)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Leonard Smith, a federal prisoner convicted of crack cocaine offenses, appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion to reduce his total 125-month sentence based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act ("FSA").  The district court concluded that it lacked authority to grant Smith's § 3582(c)(2) motion.  After review, we affirm. [1]

Under § 3582(c)(2), a district court has the authority to reduce a defendant's prison term if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  If, however, the defendant's sentencing range is not lowered by a retroactively applicable guideline amendment, the district court has no authority to reduce the defendant's sentence. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); U.S.S.G. § 1B1.10(a)(2)(B).  Thus, a reduction is not authorized if an applicable amendment does not lower a defendant's guidelines range "because of the operation of another guideline or statutory provision," such as the statutory mandatory minimum term of imprisonment.  U.S.S.G. § 1B1.10 cmt. n.1(A); see also United States v. Berry, 701 F.3d 374, 376 (11th Cir. 2012) (stating that a sentence reduction is not authorized where the amendment "reduces a defendant's base offense level, but

---

[1]We review de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2).  United States v. Liberse, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012).

2

does not alter the sentencing range upon which his or her sentence was based" (quoting Moore, 541 F.3d at 1330)); United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012).

At Smith's 2007 sentencing, Smith was held responsible for 14.8 grams of crack cocaine. Based on this drug quantity, Smith's initial advisory guidelines range for his two crack cocaine offenses was 57 to 71 months' imprisonment using a base offense level of 26. See U.S.S.G. § 2D1.1(c)(7) (2006). Because the mandatory minimum under 21 U.S.C. § 841(b)(1)(B) (2006) was five years, or 60 months, Smith's guidelines range became 60 to 71 months. See U.S.S.G. § 5G1.1(c)(2) (2006) (prohibiting the district court from imposing a guidelines sentence below the statutory mandatory minimum sentence).

At sentencing, the district court granted the government's § 5K1.1 motion for substantial assistance and lowered Smith's offense level by five levels, which resulted in a guidelines range of 41 to 51 months for Smith's crack cocaine offenses. The district court imposed 41-month concurrent sentences for Smith's two crack cocaine offenses and a mandatory 84-month consecutive sentence for Smith's firearm offense, for a total sentence of 125 months.

Here, Smith is not eligible for a § 3582(c)(2) sentence reduction based on Amendment 750 because that amendment did not lower his applicable guidelines range. Amendment 750, made retroactive through Amendment 759, among other

3

things, changed the base offense levels for crack cocaine offenses in U.S.S.G. § 2D1.1(c)'s Drug Quantity Tables. See U.S.S.G. app. C, amend. 750 (making permanent Amendment 748's temporary, emergency changes). Had Amendment 750 been in effect at the time of Smith's 2007 sentencing, Smith's base offense level would have been 20 rather than 26, see U.S.S.G. § 2D1.1(c)(10) (2013), and the resulting initial guidelines range would have been 30 to 37 months, not 57 to 71 months. However, because Smith was subject to § 841(b)(1)(B)'s mandatory minimum 60-month sentence, his sentencing range under the Sentencing Guidelines would not have been lowered. See U.S.S.G. § 5G1.1(b) (2006) (stating that when the statutory mandatory minimum exceeds the high end of the applicable guideline range, the statutory mandatory minimum "shall be the guideline sentence"). Because Amendment 750 did not have the effect of lowering Smith's sentencing range, the district court was not authorized under § 3582(c)(2) to reduce Smith's sentence. See Berry, 701 F.3d at 377; Glover, 686 F.3d at 1206.

Contrary to Smith's argument, the fact that he received a downward departure for substantial assistance does not change this outcome. As we explained in Williams, the district court's starting point for the substantial assistance departure is the mandatory minimum sentence, not the guidelines range initially calculated using the base offense level. See United States v. Williams, 549 F.3d 1337, 1339-41 (11th Cir. 2008). In Williams, this Court concluded that a

4

district court's granting of a § 5K1.1 motion does not "effectively waive[ ] the statutory mandatory minimum and thus entitle[ ] [the defendant] to a sentence reduction."  Id. at 1339.

Likewise, this Court has already rejected the argument that the new definition of "applicable guideline range" in U.S.S.G. § 1B1.10 from Amendment 759 requires the district court to determine the range before applying the mandatory minimum sentence.  See United States v. Hippolyte, 712 F.3d 535, 540-41 (11th Cir.), cert. denied, 134 S. Ct. 181 (2013) ("In fine, it is clear that the new definition of applicable guideline range has nothing to do with mandatory minimums and does nothing to alter this court's rule that the applicable guideline range is the scope of the sentences available to the district court, which could be limited by a statutorily imposed mandatory minimum 'guideline sentence.'" (quotation marks omitted)).  Rather, to determine the "applicable guideline range" as defined by U.S.S.G. § 1B1.10, the court must proceed through all the steps outlined in § 1B1.1(a) to calculate the defendant's range, including U.S.S.G. § 5G1.1's consideration of the statutory mandatory minimum sentence.  Id. at 541.[2]  Further, as the commentary to U.S.S.G. § 1B1.10 makes clear, a § 3582(c)(2)

---

[2]Smith attempts to distinguish Williams and Hippolyte because they involved application of U.S.S.G. § 5G1.1(b) rather than § 5G1.1(c).  Although those two cases involved a statutory mandatory minimum that exceeded the initial guidelines range and thus, under § 5G1.1(b), became the guidelines sentence, their reasoning applies with equal force to cases in which, under § 5G1.1(c)(2), the statutory mandatory minimum raised the low end of the range.

sentence reduction is inappropriate if, as in Smith's case, an amendment does not lower his applicable guideline range because of the operation of the statutory mandatory minimum.  U.S.S.G. § 1B1.10, cmt. n.1(A) (2013).

Finally, this Court also has rejected Smith's argument that the FSA provides a basis for granting a § 3582(c)(2) motion.  See Hippolyte, 712 F.3d at 542; Berry, 701 F.3d at 377.  The FSA is a statutory change, rather than a guidelines amendment, and thus cannot serve as a basis for a § 3582(c)(2) sentence reduction. Berry, 701 F.3d at 377.  Further, even assuming Smith could bring his FSA claim in a § 3582(c)(2) motion, his claim still would fail because he was convicted and sentenced in 2007, and the FSA does not apply retroactively to defendants like Smith who were sentenced before the FSA's 2010 enactment.  Id.; see also Hippolyte, 712 F.3d at 542.[3]  Thus, neither Amendment 750 nor the FSA provided a basis for the district court to reduce Smith's sentence under § 3582(c)(2).

Accordingly, we affirm the district court's denial of Smith's § 3582(c)(2) motion to reduce his sentence.

**AFFIRMED.**

---

[3]Smith's argument that the rule of lenity dictates retroactive application of the FSA to all defendants fails because Smith does not point to an ambiguity in either 18 U.S.C. § 3582(c)(2) or the FSA on that issue.  See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005) (explaining that the rule of lenity applies only when the provision remains ambiguous after the application of the normal rules of construction).