[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13441
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00125-TJC-TEM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARVIN ROWNELL JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 19, 2014)

Before CARNES, Chief Judge, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Arvin Johnson, a federal prisoner serving a 120-month sentence for

conspiracy to distribute crack cocaine, appeals the district court's decision denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  He contends that Amendment 750 to the sentencing guidelines and the Fair Sentencing Act of 2010 (FSA) gave the district court the authority to reduce his sentence.  See U.S.S.G. App. C, amend. 750 (Nov. 2011); Pub. L. No. 111-220, 124 Stat. 2372 (2010).

## I.

In 2005 Johnson pleaded guilty to conspiring to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  His presentence investigation report recommended a base offense level of 34 under United States Sentencing Guidelines § 2D1.1(c)(3) (Nov. 2004), because his offense involved 232.1 grams of crack cocaine.  The PSR recommended a 3-level decrease for acceptance of responsibility under § 3E1.1, which resulted in a total offense level of 31.  That offense level, combined with Johnson's criminal history category of III, results in a range of 135 to 168 months in prison.  Because Johnson's offense involved more than 50 grams of crack cocaine, he was subject to a mandatory minimum 10-year sentence under 21 U.S.C. § 841(b)(1)(A)(iii) (2006), amended by Pub. L. No. 111-220 § 2(a)(1), 124 Stat. 2372 (2010).  The district court ultimately varied downward from Johnson's guidelines range and sentenced him to the mandatory minimum of 120 months in prison — the lowest sentence the court could give at that time.

After Johnson was sentenced, Congress and the Sentencing Commission made major changes to how federal sentencing law treats crack cocaine crimes. First, Congress passed the FSA in August 2010. Among other things, the FSA changed the quantities of crack cocaine that trigger statutory mandatory minimums so that at least 280 grams had to be attributable to the defendant for the 10-year minimum to apply. See Pub.L. No. 111-220 § 2(a)(1), 124 Stat. 2372 (2010). Second, the Sentencing Commission promulgated Amendment 750 in November 2011. It made several changes to the guidelines, including lowering the base offense level from 34 to 30 for crack cocaine offenses like Johnson's that involved between 196 and 280 grams of crack cocaine. See U.S.S.G. App. C., amend. 750; see U.S.S.G. § 2D1.1(c)(5) (Nov. 2011). The Sentencing Commission also made that part of Amendment 750 retroactive. See U.S.S.G. § 1B1.10(c).

In August 2012 Johnson filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduction in his sentence.[1] The district court denied Johnson's motion in July 2013. The court concluded that it was not authorized to reduce his sentence because it had sentenced Johnson to the statutory minimum in 2007. This is Johnson's appeal.

---

[1] Johnson originally filed his motion in October 2011. Because the merits of Johnson's motion were not clear in light of the FSA and Amendment 750, the district court appointed counsel for Johnson from the Office of the Federal Defender. Johnson's attorney then filed a revised motion in August 2012, arguing that he was entitled to a sentence reduction based on the FSA and Amendment 750.

## II.

"We review <u>de novo</u> a district court's legal conclusions about the sentencing guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2)." <u>United States v. Liberse</u>, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012). Johnson argues that the district court had the authority to reduce his sentence because Amendment 750 allowed the court to lower his guidelines range below his statutory mandatory minimum sentence, and the FSA applies to defendants like him. We reach the opposite conclusion.

First, the district court could not reduce Johnson's sentence based on Amendment 750 alone because guidelines amendments cannot trump statutory minimums. Amendment 750 would lower Johnson's guidelines range to 87 to 109 months in prison, which is below his statutorily mandated sentence of 120 months. We have repeatedly held that a retroactive amendment to the guidelines does not authorize a reduction in the defendant's sentence if the defendant was originally sentenced to the statutory minimum. <u>See</u> <u>United States v. Mills</u>, 613 F.3d 1070, 1078 (11th Cir. 2010) ("The law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum."); <u>see also</u> <u>United States v. Hippolyte</u>, 712 F.3d 535, 542 (11th Cir. 2013); <u>United States v. Berry</u>, 701 F.3d

4

374, 376–77 (11th Cir. 2012); United States v. Glover, 686 F.3d 1203, 1206–07 (11th Cir. 2012); United States v. Williams, 549 F.3d 1337, 1341 (11th Cir. 2008). So the statutory minimum barred the district court from even considering a reduced sentence based on Johnson's amended guidelines range.

Johnson attempts to distinguish his case from our earlier decisions because his mandatory minimum sentence was imposed pursuant to U.S.S.G. § 5G1.1(c), while our earlier decisions dealt with defendants who received mandatory sentences pursuant to § 5G1.1(b). Compare U.S.S.G. § 5G1.1(c)(2) (allowing courts to consider a sentence within the guidelines range so long as the sentence "is not less than any statutorily required minimum sentence"), with id. § 5G1.1(b) (making the statutory minimum the guidelines range where the statutory minimum "is greater than the maximum of the applicable guideline range"). He believes that this distinguishes his case because his 120-month mandatory minimum was not a part of his original guidelines range of 135 to 168 months, and thus his mandatory minimum should not prevent Amendment 750 from lowering his original guidelines range. Cf. Glover, 686 F.3d at 1206–07 (explaining that a guidelines amendment cannot lower a defendant's original guidelines range where, under U.S.S.G. § 5G1.1(b), the statutory minimum was part of the original guidelines range).

5

Johnson's argument cannot be squared with the Sentencing Commission's policy statement on § 3582(c)(2) reductions. That policy statement provides that a reduction is not authorized under § 3582(c)(2) if the guidelines amendment at issue "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The key word here is "applicable." A guidelines range is not "applicable" if it is below the mandatory minimum sentence because the mandatory minimum prevents the sentencing court from applying that guidelines range — thus making the guidelines range inapplicable. See Hippolyte, 712 F.3d at 541 (explaining that the "applicable range" will be "limited by a statutorily imposed mandatory minimum") (quotation marks omitted). So Amendment 750 cannot lower Johnson's applicable guidelines range because his new guidelines range of 87 to 109 months in prison would fall below his mandatory minimum sentence of 120 months. And because it "does not have the effect of lowering [Johnson's] applicable guideline range," the district court was not authorized to grant a sentence reduction under § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B).

Second, the FSA does not affect Johnson's mandatory sentence because it does not apply here. Johnson was sentenced in 2007, and the FSA does not affect defendants who were sentenced before the FSA's enactment on August 3, 2010. See Hippolyte, 712 F.3d at 542; Berry, 701 F.3d at 377 ("Nothing in the FSA

6

extinguishes the statutory mandatory minimum sentence or penalty already imposed in [Johnson's] case before the FSA's enactment."). Furthermore, because the FSA is a statutory change by Congress and not a guidelines amendment by the Sentencing Commission, it cannot "serve as a basis for a § 3582(c)(2) sentence reduction." Berry, 701 F.3d at 377.

III.

For those reasons the district court did not err in denying Johnson's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

**AFFIRMED.**