[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12604
Non-Argument Calendar
_____

D.C. Docket No. 2:97-cr-00026-DHB-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY GUYTON, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 20, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Billy Guyton, Sr., proceeding pro se, appeals the district court's denial of his

motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and

Amendment 750 to the Sentencing Guidelines. The district court denied Guyton's § 3582(c)(2) motion based on its finding that Amendment 750 did not alter his guideline range, noting that Guyton's presentence investigation report ("PSI") reflected that he had distributed 120 to 288 kilograms of cocaine base. On appeal, Guyton argues that his sentence should be reduced because he contested at his original sentencing hearing the quantity of drugs provided in the PSI, and that the sentencing court erroneously made an "unequivocal finding" that he distributed "in excess of 1.5 kilograms of crack cocaine." After careful review, we vacate and remand for further proceedings.

We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009). We review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. Id.

Pursuant to § 3582(c)(2), a district court may modify a term of imprisonment that was based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 750 retroactively lowered the sentencing range applicable to crack cocaine offenses by revising the crack cocaine quantity tables listed in § 2D1.1(c). U.S.S.G. App. C, amend. 750 (2011). When Guyton was sentenced, 1.5 kilograms or more of cocaine base resulted in a base offense level of 38. See U.S.S.G. § 2D1.1(c) (1997). Section

2

2D1.1(c) now assigns a base offense level of 34 in cases involving at least 840 grams, but less than 2.8 kilograms, of cocaine base.  See U.S.S.G. § 2D1.1(c)(3). The maximum base offense level under § 2D1.1 is 38, which applies in cases involving 8.4 kilograms or more of cocaine base.  U.S.S.G. § 2D1.1(c)(1).

The Supreme Court has held that a sentencing adjustment pursuant to § 3582(c)(2) is not a resentencing.  Dillon v. United States, 560 U.S. 817, ___, 130 S.Ct. 2683, 2690-91 (2010) (providing that § 3582(c)(2) does not authorize a resentencing, but instead permits a reduction within the narrow bounds established by the Commission).  Rather, all original sentencing determinations, including all previous factual findings, remain unchanged, with the sole exception of the change in the guideline range that has been amended since the original sentencing.  United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).

We have held that a court conducting a § 3582(c)(2) proceeding does not make an "impermissible new finding of fact" simply by holding a defendant responsible for a crack cocaine amount that was (1) set forth in the original PSI, (2) not objected to by the defendant or government, and (3) adopted by the original sentencing court.  See United States v. Davis, 587 F.3d 1300, 1303-04 (11th Cir. 2009) (holding that the original sentencing court's adoption of the PSI's factual finding that the offense involved at least 8 kilograms of crack cocaine rendered the defendant ineligible for relief under Amendment 706, even though the sentencing

3

court originally had not specified an exact quantity in excess of 1.5 kilograms of crack cocaine). We noted in Davis that the sentencing court was permitted to make factual findings based on the undisputed statements in the PSI, and find the defendant responsible for the drug quantities contained in those findings. Id.

However, we've recently vacated the denial of a federal prisoner's § 3582(c)(2) motion based on Amendment 750 and remanded for an accurate determination of the prisoner's original drug quantity. United States v. Hamilton, 715 F.3d 328, 339-41 (11th Cir. 2013). Prior to sentencing, Hamilton had objected to the portions of the PSI that set forth his drug quantity, and, in response, the probation officer prepared an Addendum explaining that, as a part of the conspiracy, the defendants received at least one kilogram of powder cocaine per week and then cooked the powder cocaine into crack cocaine. Id. at 332-33. The Addendum said that the conspiracy operated for at least two months, but that "only two weeks of activity [was] sufficient to establish at least 1.5 kilograms of crack cocaine" to trigger a base offense level of 38. Id. at 333 (emphasis omitted). At Hamilton's sentencing hearing, the court explicitly adopted the undisputed factual statements in the PSI, and, as for the disputed factual statements, the court adopted the probation officer's position as stated in the PSI Addendum. Id. at 333-34. Hamilton later filed two § 3582(c)(2) motions, one based on Amendment 706 and one based on Amendment 750. Id. at 334, 336. In both instances, the probation

4

office advised the court that the PSI had held Hamilton accountable for at least 12 kilograms of crack cocaine, and that the sentencing court had adopted that finding. Id. The district court denied each of the § 3582(c)(2) motions, finding that the probation office's responses were "persuasive." Id. at 336.

On appeal, we vacated the denial of Hamilton's second § 3582(c)(2) motion because the probation office, the government, and the district court did not rely on the quantities of crack cocaine in the PSI Addendum that were adopted during sentencing, but, instead, relied on incomplete information from Hamilton's sentencing to determine his eligibility for relief. Id. at 339-41. We explained that a finding of "at least 1.5 kilograms" was not precise enough to support any conclusion about whether Hamilton was entitled to a reduction pursuant to Amendment 750 because that finding was consistent either with quantities of less than 8.4 kilograms or quantities of 8.4 or more kilograms of crack cocaine. Id. at 340. We then remanded for the district court to determine accurately the original drug quantity before analyzing whether Amendment 750 lowered Hamilton's guideline range. Id. at 340-41. We said that if the district court's original finding was limited to "at least 1.5 kilograms," the court should examine the entire record available at sentencing to see if it could make any further finding consistent with the previous finding and that would resolve the issue of whether 8.4 kilograms or more of crack cocaine should be attributed to Hamilton. Id. We concluded that:

5

[I]f a district court found during the original sentence proceeding that "at least X kilograms" were attributable to the defendant, it may not find in a § 3582(c)(2) proceeding that "less than X kilograms" were attributable; it may, however, find attributable X kilograms, or 2X kilograms, or 10X kilograms. Once it makes a drug quantity finding that is not inconsistent with any finding it made in the original sentence proceeding, the district court can then use that finding to calculate a new guidelines range based on Amendment 750. . . .

If, after examining the findings it made at the initial sentence proceedings and, if those are inadequate, after looking at the record and materials that were before it at the time of the original sentence hearing, the district court cannot determine Hamilton's drug quantity with enough specificity to decide whether Amendment 750 lowers his guidelines range, then Hamilton is ineligible for § 3582(c)(2) relief.

Id. at 340-41.

In this case, the district court at sentencing made an "unequivocal finding" that Guyton was responsible for "in excess of 1.5 kilograms of crack cocaine," although it also noted that Hamilton dealt "far beyond" 1.5 kilograms, perhaps as many as 120 or 288 kilograms. The court, however, did not make a more specific finding because that kind of finding was unnecessary at the time. Moreover, the court explicitly said that it was adopting as its findings of fact only those paragraphs to which Guyton did not make an objection, and Guyton specifically objected to paragraph 19 of the PSI, which contained the 120 to 288 kilogram quantity. However, in its written judgment, the court marked that it adopted the PSI's factual findings, with one exception that was unrelated to drug quantity. Because the sentencing court was so explicit in its intentions to hold Guyton

6

accountable for only "in excess of 1.5 kilograms," the § 3582(c)(2) court erred in referencing the disputed facts of the PSI regarding the 120 to 288 kilograms of cocaine attributable to Guyton when denying Guyton's § 3582(c)(2) motion, as those facts were not adopted by the sentencing court. See Bravo, 203 F.3d at 781.

As a result, this case is like Hamilton: The district court's finding of "in excess of 1.5 kilograms" is not specific enough to support a reduction pursuant to Amendment 750 because that finding is consistent with quantities of less than 8.4 kilograms and of 8.4 or more kilograms of crack cocaine. See Hamilton, 715 F.3d at 340. Because the sentencing court left open the possibility that Guyton was responsible for as much as 120 to 288 kilograms of crack cocaine, we vacate the district court's judgment and remand for further proceedings consistent with this opinion, as well as Hamilton. On remand, the district court should determine what drug quantity findings, if any, it made, either explicitly or implicitly, at Guyton's original sentencing hearing, and whether Amendment 750 affects his sentence.

**VACATED AND REMANDED.**