[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12893
Non-Argument Calendar
_____

D.C. Docket No. 2:97-cr-00026-DHB-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY GUYTON, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 8, 2014)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Billy Guyton, Sr. appeals the district court's denial of his motion to reduce

his total 384-month sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on

Guidelines Amendment 750.  We had previously remanded to the district court

after concluding that its finding at Guyton's original sentencing hearing that he was responsible for "in excess of 1.5 kilograms" of cocaine base was not specific enough to determine whether a sentence reduction under § 3582(c)(2) was warranted.  See United States v. Guyton, 550 F. App'x 796, 799-800 (11th Cir. 2013).  On remand, the district court reviewed the trial testimony and determined that Guyton was responsible for 6.0376 kilograms of cocaine base.  On appeal, Guyton argues that the district court erred in denying his § 3582(c)(2) motion because: (1) its drug quantity finding relied on disputed facts from the presentence investigation report ("PSI"); (2) the law-of-the-case doctrine bound the district court to its findings during his § 3582(c)(2) proceedings in 2008 based on Amendment 706; and (3) the district court violated his due process rights by relying on trial testimony not included in the PSI.  After careful review, we affirm.

We review de novo a district court's conclusions about the scope of its legal authority under § 3582(c)(2).  United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).  Section 3582(c)(2) provides that a district court may reduce a defendant's sentence where the defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).  A sentence reduction is only permitted if it is based on an amendment to the Sentencing

2

Guidelines that has been made retroactively applicable by the Sentencing Commission. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2014).

To determine a defendant's amended guideline range, the district court may not reconsider other guidelines applications and must "leave all of its previous factual decisions intact." Id. (quotations and alteration omitted). Further, it cannot reduce a sentence if the retroactive amendment does not lower the defendant's guideline range. Id. In a § 3582(c)(2) proceeding, the burden is on the defendant to show that the retroactive amendment actually lowers his guidelines range. Id.

When Guyton was originally sentenced, 1.5 kilograms or more of cocaine base resulted in a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1) (1997). In 2008, § 2D1.1(c) assigned a base offense level of 36 in cases involving at least 1.5 kilograms but less than 4.5 kilograms of cocaine base, and an offense level of 38 in cases involving more than 4.5 kilograms of cocaine base. U.S.S.G. § 2D1.1(c)(1), (2) (2008). Amendment 750 retroactively lowered the sentencing range applicable to crack cocaine offenses by revising the crack cocaine quantity tables listed in § 2D1.1(c). U.S.S.G. App. C, amend. 750 (2011). At the time of the remand, § 2D1.1(c) assigned a base offense level of 36 in cases involving at least 2.8 kilograms but less than 8.4 kilograms of cocaine base. See U.S.S.G. § 2D1.1(c)(2). The maximum base offense level under § 2D1.1 was 38, which applies in cases involving more than 8.4 kilograms of cocaine base. U.S.S.G. § 2D1.1(c)(1).

3

We've held that a district court conducting a § 3582(c)(2) proceeding does not make an "impermissible new finding of fact" simply by holding a defendant responsible for a crack cocaine amount that was (1) set forth in the original PSI, (2) not objected to by the defendant or government, and (3) adopted by the original sentencing court.  See United States v. Davis, 587 F.3d 1300, 1303-04 (11th Cir. 2009).  However, in Hamilton, we vacated the denial of a defendant's § 3582(c)(2) motion based on Amendment 750, and remanded to the district court for an accurate determination of the defendant's original drug quantity.  715 F.3d at 339-41.  We held that a district court's finding that the defendant was responsible for "at least 1.5 kilograms" at the sentencing hearing was not specific enough to support any conclusion about whether the defendant was entitled to a reduction under Amendment 750.  Id. at 340.  We remanded for the district court to determine "what drug quantity findings it made, either explicitly or implicitly, at [the defendant's] original sentencing hearing."  Id.  Next, if the district court's original finding was limited to "at least 1.5 kilograms," we instructed that the district court should examine the entire record available at sentencing to see if it could make any further findings consistent with its previous findings.  Id.

"Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case."  United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).  The Due Process Clause requires a defendant to

"be given adequate notice and an opportunity to contest the facts relied upon to support his criminal penalty." United States v. Jules, 595 F.3d 1239, 1243, 1245 (11th Cir. 2010) (quotation omitted) (noting that a § 3582(c)(2) proceeding is not a de novo resentencing and a district court need not provide notice to the parties that it intended to rely on information available at the original sentencing hearing).

In this case, the district court did not err in denying Guyton's § 3582(c)(2) motion because Amendment 750 did not lower Guyton's sentencing guideline range. On remand, the district court applied our holding in Hamilton by first determining that, at Guyton's original sentencing, it found that Guyton distributed "in excess of 1.5 kilograms" of cocaine base. Based on trial testimony, the district court determined that Guyton was responsible for 6.0376 kilograms of cocaine base, which corresponded to a base offense level of 36 because it was more than 2.8 kilograms but less than 8.4 kilograms of cocaine base. Applying the same total 5-level increase that Guyton received at his initial sentencing for obstruction of justice and for being a manager of criminal activity involving 5 or more participants, the district court properly determined that Guyton's total offense level of 41 and criminal history category of II resulted in a guideline range of 360 months to life imprisonment. Because the district court determined that Guyton's guideline range was 360 months to life imprisonment during Guyton's § 3582(c)(2) proceedings in 2008, the district court did not err in concluding that

Guyton was not eligible for a sentence reduction because Amendment 750 did not lower his guidelines range.  See Hamilton, 715 F.3d at 337.

As for Guyton's argument that the district court erred by relying on disputed, un-adopted facts from the PSI, we are unpersuaded.  When we remanded Guyton's case, we instructed the district court to ascertain more specific drug quantity findings in accordance with our decision in Hamilton, which does not require the district court to rely solely on the undisputed facts of the PSI.  See Guyton, 550 F. App'x at 799-800; see also Hamilton, 715 F.3d at 340.  Once the district court determined that its original findings went no further than "in excess of 1.5 kilograms" of cocaine base, the district court properly determined that it was permitted to review all of the information before it at Guyton's original sentencing hearing -- including all trial testimony -- to conclude that Guyton was responsible for 6.0376 kilograms of cocaine base.  This finding was not inconsistent with the district court's original finding that Guyton's offense conduct involved "in excess of 1.5 kilograms of crack cocaine."  See Hamilton, 715 F.3d at 340.

Guyton's argument that the law-of-the-case doctrine applies to the district court's drug quantity findings during his first § 3582(c)(2) proceedings is also unavailing.  During those proceedings, the district court indicated that Guyton's total offense level was 41, which was the result of a base offense level of 36 given the 5-level enhancement Guyton received at his original sentencing hearing for

6

obstruction of justice and for being a manager of criminal activity. Although a base offense level of 36 at that time corresponded to a drug quantity of more than 1.5 but less than 4.5 kilograms of cocaine base, the district court did not actually make any specific drug quantity findings, and thus was not bound by the law-of-the-case doctrine. See U.S.S.G. § 2D1.1(c)(2) (2008); Escobar-Urrego, 110 F.3d at 1560. In fact, we remanded to the district court after Guyton's first § 3582(c)(2) proceedings so that the district court could articulate more specific drug quantity findings. See Guyton, 550 F. App'x at 799-800.

Finally, we reject Guyton's claim that his due process rights were violated when the district court relied on the testimony of Charles Jackson, which Guyton says was not included in the PSI or relied on at his original sentencing. According to the PSI, Jackson testified at trial that he made three or four trips to Miami with Guyton in which Guyton never purchased less than two kilograms of cocaine. Moreover, when Guyton challenged Jackson's testimony at the sentencing hearing, the district court said it had the benefit of hearing all of the trial testimony and that the jury's guilty verdict showed it had apparently believed Jackson's testimony. Thus, the district court did not violate Guyton's due process rights by relying on information available at the sentencing hearing. See Jules, 595 F.3d at 1243, 1245. In any event, the district court was not restricted to the information in the PSI in

making the drug quantity findings, since it was permitted to consider the entire record before it at sentencing.  See Hamilton, 715 F.3d at 340.

**AFFIRMED**.