[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10608
Non-Argument Calendar

_____

D.C. Docket No. 2:97-cr-00026-DHB-RSB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY GUYTON, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 14, 2016)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Billy Guyton, Sr., proceeding pro se, appeals the district court's denial of his

18 U.S.C. § 3582(c)(2) motion to reduce his 384-month sentence pursuant to

Amendment 782 of the Sentencing Guidelines and the district court's denial of his

motion to appoint counsel, after a jury found him guilty of: (1) conspiracy to distribute crack, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846; (2) distribution of crack, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); and (3) traveling in interstate commerce to promote unlawful activity, in violation of 18 U.S.C. §§ 2 and 1952(a)(3). Prior to filing this § 3582 motion based on Amendment 782, Guyton filed a previous § 3582 motion in 2011 based on Amendment 750. In denying that motion, the district court determined, based on the presentence investigation report ("PSI"), that Guyton was responsible for between 120 and 288 kilograms of crack cocaine, and, thus, was ineligible for a sentence reduction since Amendment 750 did not change his guideline range. We vacated and remanded on appeal, concluding that Guyton had disputed the PSI fact that he was responsible for 120 to 288 kilograms of crack cocaine, and the district court therefore erred by relying on it. United States v. Guyton, 550 F. App'x 796, 799-800 (11th Cir. 2013) (unpublished). On remand, the district court found that the trial evidence supported a finding of 6.0376 kilograms of crack cocaine and 4 kilograms of powder cocaine. However, the district court held that Guyton was not entitled to a further reduction of his total sentence, because, even with the lesser drug quantity, Amendment 750 did not lower his guideline range. We affirmed. United States v. Guyton, 596 F. App'x 873 (11th Cir. 2015) (unpublished).

Guyton then filed the instant § 3582 motion, which the district court denied on the ground that that his presentence investigation report ("PSI") reflected that he had distributed 120 to 288 kilograms of crack cocaine.  On appeal, Guyton argues that: (1) he qualifies under Amendment 782 for a reduction or modification of his total sentence; and (2) he has a right to be represented by an attorney.  The government concedes that the district court erred in denying Guyton's § 3582 motion.  After careful review, we affirm in part, and vacate and remand in part.

We review de novo a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under § 3582(c)(2).  United States v. Liberse, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012).  We review factual findings underlying the district court's legal conclusions only for clear error.  Id.  We review the existence of right to counsel in a § 3582(c)(2) proceeding de novo, and the district court's decision not to appoint counsel for abuse of discretion.  United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009).  A concession by the government can be considered, especially if supported by the law and facts.  See Lobosco v. Thomas, 928 F.2d 1054, 1060 (11th Cir. 1991).

Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  Amendment 782 revised the guidelines applicable to drug-trafficking offenses by changing how the base offense levels in

the Drug Quantity Table in § 2D1.1(c) incorporate the statutory mandatory minimum penalties for those offenses. U.S.S.G. App. C, Amend. 782. In a prior version of § 2D1.1(c), a base offense level of 36 applied if the defendant's offense involved at least 2.8 kilograms but less than 8.4 kilograms of cocaine base. U.S.S.G. § 2D.1.1(c)(2) (2013). In the amended version of § 2D1.1(c), a base offense level of 34 applies if the defendant's offense level involved at least 2.8 kilograms but less than 8.4 kilograms of cocaine base. U.S.S.G. § 2D1.1(c)(3).

In this appeal, the district court erred in denying Guyton's § 3582(c)(2) motion based on Amendment 782, as the government correctly notes. As the record shows, the district court relied on the finding in the PSI that Guyton distributed 120 to 288 kilograms of crack cocaine. However, in Guyton's appeal from the denial of his 2011 § 3582 motion, we rejected the district court's reliance on the disputed PSI facts regarding the quantity of crack cocaine for which Guyton was responsible. The district court subsequently made a factual finding that Guyton was responsible for 6.0376 kilograms of crack cocaine and 4 kilograms of powder cocaine, and we affirmed the denial of Guyton's 2011 § 3582 motion based on that quantity finding. Because the district court's later finding that Guyton distributed 6.0376 kilograms of crack cocaine differed from the disputed PSI fact that he was responsible for 120 to 288 kilograms of crack cocaine, the district court's reliance on the disputed PSI fact was clear error.

4

Furthermore, Guyton would be at least eligible for a reduction based on the district court's factual finding that 6.0376 kilograms of crack cocaine was involved in Guyton's offenses.  While offenses involving at least 2.8 kilograms but less than 8.4 kilograms of crack cocaine would previously have resulted in a base offense level of 36, currently, offenses involving that quantity of crack cocaine result in a base offense level of 34.  Compare U.S.S.G. § 2D1.1(c)(2) (2013) with U.S.S.G. § 2D1.1(c)(3).  Because Guyton received a 3-level increase for being a manager or leader of criminal activity and a 2-level increase for obstruction of justice, his total offense level under the revised Guidelines would be 39.  Based on a total offense level of 39 and a criminal history category of III, Guyton's revised guideline range would be 324 to 405 months' imprisonment.  We therefore vacate the district court's denial of the § 3582 motion, and remand for resentencing.  We express no opinion on whether the district court, after considering appropriate factors, should exercise its discretion to grant a reduction.  See Dillon v. United States, 560 U.S. 817, 831 (2010) (Pursuant to U.S.S.G. § 1B1.10(b)(1), "a court proceeding under § 3582(c)(2) 'shall substitute' the amended Guidelines range for the initial range 'and shall leave all other guideline application decisions unaffected.'").

Despite the foregoing, the district court did not err in denying Guyton's request for appointment of counsel.  In Webb, we held that "there is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing."  565 F.3d at

795.  As a result, "the decision to appoint an attorney is left to the discretion of the district court."  Id.  Moreover, nothing in the statutory language of § 3582(c) requires a hearing.  See generally 18 U.S.C. § 3582.  Therefore, the district court did not abuse its discretion in denying him counsel.

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**