[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10555
Non-Argument Calendar

_____

D.C. Docket No. 2:06-cr-14028-KMM-6


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL SHEPHERD,
a.k.a. Big Mike,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2015)


Before HULL, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Michael Shepherd, a pro se federal prisoner, appeals the denial of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. No reversible error has been shown; we affirm.

In 2006, Shepherd pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Based on the quantity of drugs involved, Shepherd's base offense level was first set at 32, pursuant to U.S.S.G. § 2D1.1(a)(3) of the 2006 Guideline Manual. Then, because Shepherd qualified as a career offender under § 4B2.2(a) and because his offense carried a statutory maximum penalty of life imprisonment, Shepherd's offense level was set at 37, pursuant to § 4B1.1(b). Shepherd received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 34. Shepherd's advisory guideline range was then calculated as 262 to 327 months. The district court sentenced Shepherd to 327 months' imprisonment.

Shepherd moved to reduce his sentence based on Amendment 782, which lowered the base offense levels for most drug offenses. The district court denied the motion, concluding that Shepherd was ineligible for a reduction because of his career-offender status.

2

We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding. United States v. Liberse, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012).

A district court may reduce a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that was later lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A district court may not use a guideline amendment, however, to reduce a defendant's term of imprisonment unless the amendment actually lowers the defendant's guideline range. U.S.S.G. § 1B1.10(a)(2)(B); Liberse, 688 F.3d at 1199. In determining whether a defendant is eligible for a sentence reduction, a district court may consider only the effect of the applicable guideline amendment; all other original sentencing determinations remain intact. U.S.S.G. § 1B1.10(b)(1); United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000).

The district court committed no error in denying Shepherd a sentence reduction based on Amendment 782. Amendment 782 reduced by two the base offense levels for most drug sentences calculated pursuant to the Drug Quantity Table, U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, amend. 782. But Shepherd was sentenced using the offense level and guideline range for career offenders in U.S.S.G. § 4B1.1, not the offense level for drug quantity in U.S.S.G. § 2D1.1(c). Amendment 782 resulted in no lowering of Shepherd's guideline range; Shepherd

3

is ineligible for section 3582(c)(2) relief.  See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012).

Shepherd's reliance on Freeman v. United States, 131 S.Ct. 2685 (2011), is misplaced.  In Freeman, the Supreme Court considered whether defendants who entered into plea agreements recommending a particular sentence, pursuant to Fed.R.Crim.P. 11(c)(1)(C), were eligible for a sentence reduction under section 3582(c)(2).  Here, Shepherd's plea agreement contained no agreed-upon sentence or guidelines range.  Thus, Freeman is inapplicable.

Because Shepherd's guideline range remained unchanged as a result of Amendment 782, no ex post facto violation occurred.  See United States v. Colon, 707 F.3d 1255, 1258-59 (11th Cir. 2013) (no ex post facto problem exists "[s]o long as the effect of post-conduct amendments to the guidelines is not to increase a defendant's punishment beyond what it would have been without those amendments.").  The district court committed no error in treating U.S.S.G. § 1B1.10 as binding.  See Dillon v. United States, 130 S.Ct. 2683 (2010).

AFFIRMED.