[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13705
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-21146-DLG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIONISIO VALENCIA-MOSQUERA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 7, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Dionisio Valencia-Mosquera appeals the district court's order granting his

18 U.S.C. § 3582(c)(2) motion to reduce sentence, but only reducing his sentence to 120 months' imprisonment when he requested a reduction to 102 months.

In February 2009, Valencia-Mosquera pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B), 46 U.S.C. §§ 70503(a), 70506(a)-(b) ("Count One"); and one count of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B), 46 U.S.C. §§ 70503(a), 70506(a) ("Count Two").

Applying the 2008 Guideline Manual, the district court set the base offense level at 38, pursuant to U.S.S.G. § 2D1.1(a)(3), because the offense involved possession with intent to distribute 150 kilograms or more of cocaine. After various enhancements and reductions, the total offense level was 39. Based on a total offense level of 39 and a criminal history category of I, Valencia-Mosquera's advisory guideline range was 262 to 327 months. The statutory mandatory minimum term of imprisonment as to Counts One and Two was 120 months.

At sentencing, the government moved to reduce Valencia-Mosquera's sentence pursuant to U.S.S.G. § 5K1.1 based on his substantial assistance to authorities, and requested that the district court impose a sentence that was 15%

below the low end of the advisory guideline range. The court granted the motion and applied a greater reduction than was requested, sentencing Valencia-Mosquera to 126 months' imprisonment as to Counts One and Two, the terms to run concurrently.

In 2015, Valencia-Mosquera filed a motion to reduce his sentence, asserting that the district court had authority to reduce his sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 based on Amendment 782 to the Sentencing Guidelines, and requesting that the court reduce his sentence to 102 months' imprisonment. The court granted his motion, but only reduced his sentence to 120 months.

On appeal, Valencia-Mosquera argues that the district court did not adequately explain its reasons for the amount of the reduction it granted.

We review *de novo* a district court's legal conclusions as to the scope of its authority under § 3582(c)(2). *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008). Where a defendant is eligible for a sentence reduction under § 3582(c)(2), we review a district court's decision to deny a sentence reduction for an abuse of discretion. *Id.* at 1368 n.1.

A district court may modify a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment

782 reduced by 2 levels the base offense levels that apply to most drug offenses, including offenses involving cocaine.  U.S.S.G. App. C, Amend. 782 (2014).

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court must recalculate the defendant's sentence by substituting the amended guideline range for the originally applied guideline range.  *Id.*  At this step, all other guideline application decisions made during the original sentencing remain intact.  *Id.*  Second, the court must decide whether, in its discretion and in light of the 18 U.S.C. § 3553(a) sentencing factors, to reduce the defendant's sentence and, if so, to what extent.  *Id.* at 781.

Under the Sentencing Guidelines, where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence becomes the guideline sentence.  U.S.S.G. § 5G1.1(b).  In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence is not less than the statutorily required minimum sentence.  *Id.* § 5G1.1(c).  A defendant convicted of possession, or conspiracy to possess, with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(b), is subject to a 10-year or

4

120-month mandatory minimum sentence.  21 U.S.C. § 960(b)(1)(B); 46 U.S.C. § 70506(a).

A district court may apply a variance and impose a sentence outside of the advisory guideline range if it finds that a variance is justified under the sentencing factors set forth in 18 U.S.C. § 3553(a).  *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009).  At a defendant's original sentencing, a court may impose a sentence below the statutory mandatory minimum, on the government's motion, in order to reflect his substantial assistance to authorities.  18 U.S.C. § 3553(e).  Guided departures, which are departures specifically provided for in the Sentencing Guidelines, also permit a court to impose a sentence outside of the advisory guideline range.  *United States v. Gibson*, 434 F.3d 1234, 1252 (11th Cir. 2006).  U.S.S.G. § 5K1.1 provides for a departure from the guideline range based on a government motion stating that the defendant provided substantial assistance to authorities.  In the absence of a request by the government for the district court to impose a sentence below a statutory mandatory minimum, the government's filing of a substantial assistance motion pursuant to § 5K1.1 does not authorize the court to impose a sentence below the statutory minimum.  *Melendez v. United States*, 518 U.S. 120, 124-30, 116 S. Ct. 2057, 2060-63, 135 L. Ed. 2d 427 (1996).

Generally, a district court may not reduce a defendant's sentence under § 3582(c)(2) below the amended guideline range.  U.S.S.G. § 1B1.10(b)(2)(A);

*United States v. Liberse*, 688 F.3d 1198, 1201 (11th Cir. 2012).  However, where a defendant originally received a below-guidelines sentence pursuant to a government motion to reflect his substantial assistance to authorities, a reduction that is "comparably less" than the amended guideline range "may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B).  U.S.S.G. § 1B1.10(c) provides that, where the sentencing court originally had the authority to impose a sentence below a statutory mandatory minimum pursuant to a government motion to reflect the defendant's substantial assistance, the amended guideline range is determined "without regard" to U.S.S.G. § 5G1.1's requirement that the guideline range not fall below the mandatory minimum.  *See also United States v. Williams*, 549 F.3d 1337, 1339-42 (11th Cir. 2008) (holding that the district court's grant of the government's § 5K1.1 substantial assistance motion did not effectively waive the statutory mandatory minimum for purposes of resentencing, where the defendant's guideline range was displaced by the statutory mandatory minimum that was higher than the top end of the otherwise applicable guideline range).

Here, the district court was not authorized to reduce Valencia-Mosquera's sentence any further in light of the applicable 120-month statutory mandatory minimum.  *See* 21 U.S.C. § 960(b)(1)(B); 46 U.S.C. § 70506(a).  At the original sentencing proceeding, the district court did not have the authority to impose a sentence below the statutory minimum because the government only moved to

reduce Valencia-Mosquera's sentence pursuant to U.S.S.G. § 5K1.1. *See Melendez*, 518 U.S. at 124-30, 116 S. Ct. at 2060-63. At the proceeding, the government stated that it was only authorized to request a sentence reduction pursuant to § 5K1.1, requested a 15% reduction from the guideline range, and did not request that the court sentence Valencia-Mosquera below the statutory minimum in light of his substantial assistance. Therefore, at resentencing Valencia-Mosquera remained subject to the 120-month statutory minimum and the bottom of the amended guideline range was 120 months, and the court could not reduce his sentence to a term below 120 months. *See* U.S.S.G. § 1B1.10(b)(2)(A), (c); *see also id.* § 5G1.1(b)-(c). Because the district court was not authorized to grant Valencia-Mosquera any greater sentence reduction, we need not address whether it adequately stated the reasons for its decision.

**AFFIRMED.**